OPINION
{¶ 1} Defendant-appellant Phillip Moore ("Moore") brings this appeal from the judgment of the Court of Common Pleas of Allen County sentencing him to eight years in prison.
 {¶ 2} On October 31, 2003, Moore and his friend robbed a convenience store. The Allen County Grand jury indicted Moore on one count of robbery on December 11, 2003. Moore subsequently entered a not guilty plea. On February 3 and 4, 2004, a jury trial was held and the jury returned a verdict of guilty. The trial court immediately held a sentencing hearing and sentenced Moore to eight years in prison, the maximum sentence. Moore appeals from this decision and raises the following assignment of error.
The trial court erred when it sentenced [Moore] to non-minimum, maximumsentences based on facts not found by the jury or admitted by [Moore].
 {¶ 3} In his assignment of error, Moore claims that the trial court could not sentence him to the maximum sentence because it violatesBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. This court has addressed the application of Blakely to Ohio's sentencing statute inState v. Trubee, 3rd App. No. 9-03-65, 2005-Ohio-552. In Trubee, this court held that the trial court may impose more than the minimum sentence merely because the defendant has previously served a prison term. Id. at ¶ 39. "[O]nce a court determines that a defendant has served a prior prison sentence, the defendant is susceptible to any prison term within the range proscribed for that degree of felony — the statute no longer requires the court to impose the `shortest prison term authorized for the offense.'" Id. at ¶ 46. Although the trial court may consider other factors, the sentencing guidelines do not mandate that the trial court impose a harsher sentence. Id. at ¶ 34. Thus, the factors are merely advisory and do not implicate the restrictions set forth in Blakely.
 {¶ 4} In this case, the trial court specifically found that Moore had previously served a prison term and thus was eligible for more than the minimum sentence. The trial court also found that Moore had a long criminal history, that his crime caused the victim serious mental harm, and that the crime was committed as part of an organized criminal activity. Based upon these findings, the trial court held that a two year sentence would demean the seriousness of the offense and would not adequately protect the public. Then based upon its judgment after reviewing the sentencing guidelines, the trial court, in its discretion, determined that the maximum sentence would be appropriate. Since the statutory sentencing guidelines used do not violate Blakely and the trial court complied with all the statutory requirements for imposing the maximum sentence, the assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.