OPINION
{¶ 1} Defendant-appellant Dominique Hairston ("Hairston") brings this appeal from the judgment of the Court of Common Pleas of Allen County sentencing him to a total of 17 years in prison.
 {¶ 2} On April 21, 2004, the Allen County Grand Jury indicted Hairston on one count of murder, with a firearm specification, and one count of aggravated robbery with a firearm specification. Hairston entered not guilty pleas to both counts on April 23, 2004. On August 18, 2004, pursuant to a plea negotiation, Hairston entered guilty pleas to one count of involuntary manslaughter and one count of aggravated robbery. Both firearm specifications and the murder charge were dismissed. A presentence investigation was then ordered. On September 27, 2004, a sentencing hearing was held in the case. The trial court then ordered Hairston to serve nine years in prison for the involuntary manslaughter and eight years in prison for that aggravated robbery. The sentences were ordered to be served consecutively. Hairston appeals from this sentence and raises the following assignments of error.
The trial court committed an error of law by imposing consecutivesentences.
 The trial court committed an error of law by not imposing the shortestsentence.
 {¶ 3} The first assignment of error raises the issue of whether the trial court properly imposed consecutive sentences. In order to impose consecutive sentences, the trial court must make certain findings.
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or was underpost-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
R.C. 2929.14(E)(4). Once the trial court has made the required findings, the trial court must then state its reasons for imposing consecutive sentences on the record.
The court shall impose a sentence and shall make a finding that givesits reasons for selecting the sentence imposed in any of the followingcircumstances.
* * *
(c) If it imposes consecutive sentences under [R.C. 2929.14], itsreasons for imposing the consecutive sentences.
R.C. 2929.19(B)(2).
 {¶ 4} In this case, the trial court made the following findings.
The Court finds that consecutive terms are needed to protect the publicand to punish the defendant. Consecutive terms are not disproportionateto the conduct of the defendant. The Court also finds that under thesecircumstances the harm done by the defendant was so great and unusualthat a single term does not adequately reflect the seriousness of thedefendant's conduct.
Tr. 68. These findings are sufficient to satisfy the requirements set forth in R.C. 2929.14(E)(4). However, the trial court did not state its reasons for imposing consecutive sentence during the hearing. Thus, the requirements of R.C. 2929.19(B)(2) are not met. For this reason, the first assignment of error is sustained.
 {¶ 5} The second assignment of error alleges that the trial court erred by imposing more than the minimum sentence under the U.S. Supreme Court's holdings in Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403, and U.S. v. Booker (2005), ___ U.S. ___,125 S.Ct. 738. This court has addressed the application of Blakely to Ohio's sentencing statute in State v. Moore, 3rd App. No. 1-04-09, 2005-Ohio-676. In Moore, this court held that "[a]lthough the trial court may consider other factors, the sentencing guidelines do not mandate that the trial court impose a harsher sentence." Id. at ¶ 3 (citing State v.Trubee, 3rd App. No. 9-03-65, 2005-Ohio-552). The factors were found to guide the exercise of valid judicial discretion within the maximum prescribed penalty and do not implicate the restrictions set forth inBlakely.
 {¶ 6} Having found that the issues raised in Blakely do not apply in this case, the next question is whether the trial court properly imposed more than the minimum sentence.
[I]f the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender, the court shallimpose the shortest prison term authorized for the offense pursuant to[R.C. 2929.14(A)], unless one or more of the following applies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
R.C. 2929.14(B).
 {¶ 7} Hairston had never served a prison term prior to the one imposed in this case. Therefore, the trial court could not enter a finding under R.C. 2929.14(B)(1). However, the trial court did make the following finding.
The Court finds that the shortest prison term is not required becausethe Court finds that the shortest prison term will certainly demean theseriousness of the defendant's conduct and the shortest prison term willnot adequately protect the public from future crime by this defendant orothers. Tr. 68. This finding satisfies the statutory requirements. Thus, the trial court did not err in imposing more than the minimum sentence.
Although the trial court made the required findings, its findings were based upon the recidivism factors set forth in R.C. 2929.12(D)(1), which considers whether the offense was committed while under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18. The record indicates that at the time of the offense, Hairston was on probation pursuant to a conviction for a misdemeanor offense tried in Municipal Court. The statute only contemplates the use of a sanction pursuant to R.C. 2929.16,2929.17, or 2929.18, which are concerned with sentencing for felony convictions, not misdemeanors. Thus the trial court erred in finding that R.C. 2929.12(D)(1) applied in this case because Hairston was not under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18, at the time of the current offense. For this reason, the second assignment of error is sustained.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County is reversed and the cause is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Cupp, P.J. and Shaw, J., concur.