OPINION
{¶ 1} Defendant-appellant Yvonne Gipson ("Gipson") brings this appeal from the judgment of the Court of Common Pleas of Allen County.
 {¶ 2} On December 31, 2003, Gipson and her boyfriend, Michael Gibson ("Michael") began arguing. Gipson set fire to a mattress and a couch propped next to the garage, setting the garage wall on fire. Michael and his family were able to extinguish the fire. Michael's father told Gipson that he was going to call the authorities concerning the fire. Gipson's response was that she did not care and that she was "going to burn the son of a bitch up," referring to Michael.[1] Gipson then left the residence in her car. Michael's parents, who owned the garage and the attached home, called the sheriff's department who sent out an arson investigator. Once Gipson left Michael's, she went to the nearby home of Della Green ("Green"). Gipson told Green that she had set the fire in order to kill Michael.
 {¶ 3} Later that evening, which was New Year's Eve, Gipson attended a party at the home of Shirley Hunt ("Hunt") who also lived nearby. Gipson became intoxicated and told several people that she would burn down the garage and kill Michael before the night was over. Gipson left the party shortly after midnight. Around 1:30 a.m., Gipson returned to Hunt's and asked to spend the night. Gipson told Hunt that she had to go somewhere, but would return. She then left Hunt's home on foot. Soon after that, Hunt heard an explosion, looked down the street, and saw the garage of the Gibson home on fire. While getting dressed, Hunt heard Gipson's car start.
 {¶ 4} At the Gibson home, the fire spread rapidly. The residents of the house were able to escape without injury, but the garage was engulfed in flames. Michael was unable to escape and his body was later found by firefighters. An autopsy later indicated that Michael died from smoke inhalation.
 {¶ 5} On February 12, 2004, the Allen County Grand Jury indicted Gipson on two counts of aggravated arson and one count of murder. The jury trial commenced on August 9, 2004. On August 11, 2004, the jury returned verdicts of guilty on all counts. A sentencing hearing was held on October 1, 2004. At that time, the trial court sentenced Gipson to prison terms of three years on one count of aggravated arson, four years on the second count of aggravated arson, and fifteen years to life for the murder conviction. The sentence on count one was to be served concurrently to those in counts two and three, which were ordered to be served consecutively for a minimum sentence of 19 years in prison. Gipson appeals from this judgment and raises the following assignments of error.
The trial court committed an error of law by imposingconsecutive sentences for allied offenses.
 The trial court committed an error of law by imposingconsecutive sentences.
 The trial court committed an error of law by not imposing theshortest sentence.
 The failure of trial counsel to request a jury instruction oninvoluntary manslaughter constituted ineffective assistance ofcounsel.
 {¶ 6} The first assignment of error raises the question of whether aggravated arson and murder are allied offenses. Offenses are allied if the elements correspond to such a degree that the commission of one offense results in the commission of the other.State v. Rance 85 Ohio St.3d 632, 1999-Ohio-291,710 N.E.2d 699. Gipson argues that since she had to commit the aggravated arson in order to commit the felony murder, they are allied offenses. However, to commit aggravated arson Gipson merely had to use fire to create physical harm to an occupied structure. To commit murder, Gipson's arson had to result in the death of a person. Thus the commission of the aggravated arson does not result in the commission of the other. Additionally, there were other people in the house that caught fire due to Gipson's actions. Those people were not killed, but the structure where they resided was damaged. Therefore, the first assignment of error is overruled.
 {¶ 7} Next, Gipson claims that the trial court erred by imposing consecutive sentences. Gipson argues that the trial court failed to make the required findings or set forth its reasons for consecutive sentences on the record. "[I]n order for a trial court to impose consecutive sentences, it must make specific findings that consecutive sentences are (1) necessary to protect the public from future crimes or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct; (3) not disproportionate to the danger the offender poses to the public; and (4) one other additional finding stated in R.C. 2929.14(E)(4) (a-c)." State v. Eaton, 3rd Dist. No. 14-04-12, 2004-Ohio-5349, ¶ 28. The trial court must then state its reasons for imposing consecutive sentences at the hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473.
 {¶ 8} Here, the trial court made the following findings.
On Count 1 of the indictment — that being of aggravated arson,which happened earlier in the day in this particular case thecourt orders defendant be sentenced to the Ohio Department ofRehabilitation and Correction for a term of three (3) years.
 On Count 2 of the indictment, which is aggravated arson, whichresulted in the death in this particular case defendant issentenced to the Ohio Department of Rehabilitation and Correctionfor a term of four (4) years.
 And on Count 3 on the murder charge the defendant is sentencedfor an indefinite term of fifteen (15) years to life.
 Count 2 to be served consecutive to Count 3. But Count 1 is tobe served concurrent to counts 2 and 3.
 The Court finds that under 2929.14(E) it is necessary toprotect the public and punish the defendant, consecutive terms asto counts 2 and 3 are not disproportionate to the conduct thedefendant poses (sic) in that the harm done was so great orunusual that a single term does not adequately reflect theseriousness of the defendant's conduct.
 You had committed an arson earlier in the day. You committedan arson later in the day — that evening. That was intentional.It caused a death of an individual whose life was important notonly maybe to you but to a lot of other people.
 The court further finds that the shortest term is not requiredsince the shortest term would demean the seriousness of thedefendant's conduct.
 And the shortest term would not adequately protect the publicfrom future crimes by the defendant or others for the reasons thecourt has previously set forth.
Sentencing Tr. 10-12. Thus, the trial court made all of the required findings.
 {¶ 9} The trial court also stated reasons on the record for imposing consecutive sentences. The trial court noted that Gipson had been drinking and that although she intended to "get even" with Michael, she has a history of domestic violence when she is intoxicated. Id. at 8-10. These reasons along with the intentional nature of the offenses and the length of time involved between the incidents formed the basis for the trial court's decision to impose consecutive sentences. Id. at 11-12. Having stated its reasons for imposing consecutive sentences on the record, the trial court complied with the sentencing statutes. The second assignment of error is overruled.
 {¶ 10} Gipson argues in the third assignment of error that the trial court erred by not imposing the shortest sentences since Gipson has not previously served a prison term. Gipson's claim is based upon the U.S. Supreme Court's decision in Blakelyv. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403, and U.S. v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738. This court has addressed the application of Blakely to Ohio's sentencing statute in State v. Moore, 3rd Dist. No. 1-04-09, 2005-Ohio-676. In Moore, this court held that "[a]lthough the trial court may consider other factors, the sentencing guidelines do not mandate that the trial court impose a harsher sentence." Id. at ¶ 3 (citing State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552). "The factors were found to guide the exercise of valid judicial discretion within the maximum prescribed penalty and do not implicate the restrictions set forth in Blakely."State v. Hairston, 3rd Dist. No. 1-04-90, 2005-Ohio-2896, ¶ 5. Since the sentence ordered by the trial court is within the statutory limits, the trial court did not err in imposing more than the minimum sentence. The third assignment of error is overruled.
 {¶ 11} In the fourth assignment of error, Gipson claims that her trial counsel was ineffective for failing to request a jury instruction on involuntary manslaughter. "Reversal of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 105. Upon review, an appellate court must make a strong presumption that counsel's conduct was within the acceptable range of reasonable professional assistance. Id. at ¶ One who claims counsel was ineffective must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
 {¶ 12} Here, Gipson claims that her trial counsel was ineffective for failing to request an instruction on involuntary manslaughter as a lesser included offense of the murder charge. "Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." State v. Griffie (1996),74 Ohio St.3d 332, 333, 658 N.E.2d 764. Since this is the only basis for Gipson's claim of ineffective assistance of counsel, the fourth assignment of error is overruled.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] Michael resided in a converted portion of the garage attached to the home of his parents, Teddy and Brenda Gibson. Also living in the Gibson home was Michael's sister, brother-in-law, and their children.