OPINION
{¶ 1} Defendant-Appellant, Erby Gonzales, appeals the judgments from the Defiance County Court of Common Pleas, imposing consecutive sentences on him for multiple drug trafficking violations. On appeal, Gonzales asserts that the trial court erred in considering facts not found by the jury or admitted by the defendant during sentencing in violation ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; that the trial court imposed consecutive sentences on Gonzales relying on facts not within the jury verdict or admitted by the defendant contrary to United States Supreme Court precedent; that the trial court failed to state its findings and articulate its reasons for imposing consecutive sentences; and, that the trial court erred in sentencing Gonzales because the sentence was not proportional to Gonzales's conduct nor consistent with sentences imposed on similar defendants convicted of similar offenses. As well established by the prior precedent of this Court, Blakely does not apply to Ohio's sentencing scheme. Also, upon review the entire record, we find that the trial court made the required findings on the record at the sentencing hearing as well as in the judgment entry and that the evidence in the record supports these findings. Furthermore, we find that the trial court's sentence was not disproportionate or inconsistent with sentences imposed on similar defendants convicted of similar crimes. Accordingly, all four of Gonzales's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 2} In December of 2001, under Case No. 01-CR-08153 (hereinafter referred to as "December 2001 Case"), Gonzales was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(C)(4)(a), a felony of the fifth degree. Later in December of 2001, Gonzales pled not guilty to both counts in the indictment.
 {¶ 3} In May of 2002, Gonzales changed his plea and entered a plea of guilty to the trafficking in cocaine offense, as charged in the December 2001 Case. The trial court then scheduled a sentencing hearing for June of 2002.
 {¶ 4} At the sentencing hearing for the December 2001 Case, Gonzales was sentenced to four years of community control. During the sentencing hearing, Gonzales was notified that the trial court reserved an eleven month basic prison term in the event that Gonzales violated the terms of his community control. The judgment entry also noted that the trial court reserved the eleven month prison term.
 {¶ 5} In January of 2004, under Case No. 04-CR-08791 (hereinafter referred to as "January 2004 Case"), Gonzales was indicted on one count of trafficking in cocaine, in an amount greater than 10 grams but in an amount less than 100 grams, in violation of R.C. 2925.03(A)(C)(4)(d), a felony of the second degree, and one count of permitting drug use, in violation of R.C. 2925.13, a felony of the fifth degree. Six days later, Gonzales was arraigned and entered a not guilty plea and the matter was set for a pre-trial conference. This indictment was in violation of his December 2001 Case community control sentence, and Gonzales posted a surety bond in June of 2004. Re-sentencing on the December 2001 Case was set for January of 2005.
 {¶ 6} While the January 2004 Case was pending, in July of 2004, under Case No. 04-CR-08976 (hereinafter referred to as "July 2004 Case"), Gonzales was indicted on two counts of trafficking in cocaine, within 1,000 feet of a school, in an amount greater than 10 grams but in an amount less than 100 grams, in violation of R.C. 2925.03(A)(C)(4)(d), a felony of the second degree, one count of trafficking in cocaine, within 100 feet of a juvenile, in an amount greater than 100 grams but in an amount less than 500 grams, in violation of R.C. 2925.03(A)(C)(4)(e), a felony of the first degree, and three counts of permitting drug abuse in violation of R.C. 2925.13, a felony of the fifth degree.
 {¶ 7} Later in July of 2004, Gonzales appeared before the trial court and entered a plea of not guilty on the indictment in the July 2004 Case. After discovery and various motions and hearings, Gonzales entered into a plea negotiation to resolve the July 2004 Case. Gonzales then entered a plea of no contest and was found guilty on the trafficking in cocaine charges, as amended, to delete references to proximity to schools and juveniles, in the July 2004 Case. The remaining counts of the July 2004 Case and the charges in the January 2004 Case were dismissed pursuant to the plea agreement.
 {¶ 8} In January of 2005, Gonzales appeared for sentencing on the December 2001 Case and the July 2004 Case. In the December 2001 Case, Gonzales had his community control revoked, and the balance of the eleven month previously reserved term of imprisonment with the Ohio Department of Rehabilitation and Correction at Orient, Ohio was imposed on Gonzales.
 {¶ 9} In the July 2004 Case, for the two trafficking offenses in violation of R.C. 2925.03(A)(C)(4)(d), as amended, Gonzales was sentenced to a mandatory term of three years of imprisonment on each count with the Ohio Department of Rehabilitation and Correction. For the trafficking offense in violation of R.C. 2925.03(A)(C)(4)(e), as amended, Gonzales was sentenced to a mandatory term of six years of imprisonment. Additionally, the trial court's judgment entry stated the following:
It is therefore ORDERED, ADJUDGED and DECREED as follows:
* * *
4. The Sentences imposed in Paragraphs 1, 2 and 3 above [thetrafficking offenses] are to be served CONSECUTIVELY to each other for atotal cumulative term of mandatory imprisonment of twelve (12) years withthe Ohio Department of Rehabilitation and Correction at Orient, Ohio.
 It is further ORDERED that the Sentences imposed herein are to beserved CONSECUTIVELY to the sentence imposed this date in State of Ohiovs. Erby Gonzales, Defiance County Common Pleas Case Number 01 CR 08153[December 2001 Case], for a total aggregate term of twelve (12) years andeleven (11) months of imprisonment.
 The Court further finds that Consecutive terms are necessary toadequately protect the public and are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and the offender's history of criminal conductdemonstrates that consecutive sentences are necessary to protect thepublic from future crime, because to do otherwise would put the public atgreat risk of the Defendant's continuing large quantity of drugtrafficking.
Furthermore, the trial court ordered that Gonzales pay fines and restitution.
 {¶ 10} It is from the December 2001 Case and July 2004 Case judgments Gonzales appeals, presenting the following assignments of error for our review. Upon the motion of Gonzales, this Court has consolidated the above cases for the purposes of this appeal.
 Assignment of Error No. I IN SENTENCING THE APPELLANT, THE TRIAL COURT RELIED ON FACTS NOT WITHINTHE JURY VERDICT OR ADMITTED BY THE DEFENDANT, CONTRARY TO THE UNITEDSTATES SUPREME COURT'S RULINGS IN USA V. BOOKER AND BLAKELY V.WASHINGTON.
 Assignment of Error No. II IN THE IMPOSITION OF CONSECUTIVE SENTENCES, THE TRIAL COURT RELIED ONFACTS NOT WITHIN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT, CONTRARYTO THE UNITED STATES SUPREME COURT'S RULING IN USA V. BOOKER AND BLAKELYV. WASHINGTON.
 Assignment of Error No. III THE TRIAL COURT, WHEN IMPOSING DEFENDANT-APPELLANT'S SENTENCE, FAILEDTO STATE ITS FINDINGS AND ARTICULATE ITS REASONS FOR IMPOSING CONSECUTIVESENTENCES IN ACCORDANCE WITH THE STRICT AND TECHNICAL REQUIREMENTS OFR.C. 2929.14(E)(4).
 Assignment of Error No. IV THE SENTENCE IMPOSED BY THE TRIAL COURT WAS NEITHER PROPORTIONAL TODEFENDANT'S CONDUCT NOR CONSISTENT WITH SENTENCES IMPOSED ON SIMILARDEFENDANTS CONVICTED OF SIMILAR OFFENSES CONTRARY TO R.C. § 2929.11.
 Assignments of Error Nos. I II {¶ 11} In the first assignment of error, Gonzales contends that trial court erred in relying on facts not within the jury verdict or admitted by the defendant. In the second assignment of error, Gonzales contends that the trial court erred in relying on facts not within the jury verdict or admitted by the defendant when the trial court imposed consecutive sentences. Because these issues are interrelated, we will address them together.
 {¶ 12} Gonzales relies upon the holding in Blakely v. Washington for these two assignments of error. This Court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing scheme. State v.Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Gonzales's first and second assignments of error are overruled.
 Assignment of Error No. III {¶ 13} In the third assignment of error, Gonzales asserts that the trial court failed to state its findings and articulate its reasons for imposing consecutive sentences in accordance with R.C. 2929.14(E)(4).
 Standard of Review {¶ 14} Because assignments of error III and IV address the statutory felony sentencing guidelines, we will use the following standard of review for both.
 {¶ 15} The structure of the Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, para. one and two of syllabus.
 {¶ 16} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 17} R.C. 2929.14(E)(4) provides a trial court's ability to require felony offenders, who have multiple prison terms imposed on them, to serve consecutive sentences. R.C. 2929.14(E)(4) provides:
(4) If multiple prison terms are imposed on an offender for convictionsof multiple offenses, the court may require the offender to serve theprison terms consecutively if the court finds that the consecutive serviceis necessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of theRevised Code, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 18} Upon review of the record, we find that the trial court made on the record all of the requisite findings under R.C. 2929.14(E)(4), when imposing consecutive sentences. In the case sub judice, the trial court did make specific findings, during the sentencing hearing and in its judgment entry, on the necessity to protect the public from future crime as well as the danger that Gonzales posed to the public. R.C. 2929.14(E)(4) (E)(4)(c). Further, the trial court did make specific findings, during the sentencing hearing and in its judgment entry, on the disproportionality of the sentences. R.C. 2929.14(E)(4). Thus, having found that the trial court made the necessary findings, Gonzales's third assignment of error is overruled.[1]
 Assignment of Error No. IV {¶ 19} In the fourth assignment of error, Gonzales asserts that the sentence imposed by the trial court was neither proportional to his conduct nor consistent with sentences imposed on similar defendants convicted of similar crimes. Specifically, Gonzales argues that the sentence imposed by the trial court is contrary to R.C. 2929.11(B).
 {¶ 20} R.C. 2929.11(B) provides:
A sentence imposed for a felony shall be reasonably calculated toachieve the two overriding purposes of felony sentencing set forth indivision (A) of this section, commensurate with and not demeaning to theseriousness of the offender's conduct and its impact upon the victim, andconsistent with sentences imposed for similar crimes committed by similaroffenders.
 {¶ 21} In order to establish that his sentence was inconsistent or disproportional, an appellant must cite to this Court other cases demonstrating that the sentence he received is inconsistent and disproportional with the sentences imposed upon other similarly situated offenders. State v. Dunn, 3d Dist. No. 1-02-98, 2003-Ohio-4353, at ¶ 29, citing State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987.
 {¶ 22} The party claiming that a sentence is inconsistent or disproportional with sentences given in other cases bears the burden of producing the sentences in the other cases. Dunn, 2003-Ohio-4353, at ¶ 30, citing State v. Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-1522.
 {¶ 23} Here, Gonzales has not cited a single example of a similar case demonstrating that his sentence is inconsistent or disproportional. Thus, we must conclude that Gonzales has not met his burden to establish that his sentence was inconsistent and disproportional with sentences imposed upon similar offenders for similar crimes.
 {¶ 24} For the reasons discussed herein, we clearly and convincingly find that Appellant's sentence is supported by the record and is not contrary to law. Therefore, Gonzales's fourth assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments Affirmed.
 Cupp, P.J., and Shaw, J., concur.
[1] We note that the trial court could have cited, in further satisfaction of R.C. 2929.14(E), the fact that the defendant was on community control sanctions at the time he committed the July 2004 offenses. R.C. 2929(E)(4)(a). While we discourage the inclusion of findings which are not supported by the record, we would encourage the inclusion of all appropriate findings which are supported by the record.