OPINION
{¶ 1} Defendant-appellant, Dominique Hairston (hereinafter "Hairston") appeals the judgment of the Allen County Court of Common Pleas sentencing him to a total of seventeen years in prison.
 {¶ 2} On April 21, 2004, a grand jury indicted Hairston for one count of murder, a violation of R.C. 2903.02(B) and a felony of the first degree, and one count of aggravated robbery, a violation of a R.C. 2911.01(A)(1) and a felony of the first degree. Both counts contained firearm specifications. Hairston pled not guilty to each charge.
 {¶ 3} On August 18, 2004, Hairston entered into a plea agreement. Under the terms of the plea agreement, Hairston pled guilty to one count of involuntary manslaughter, a violation of R.C. 2903.04(A) and a felony of the first degree, and one count of aggravated robbery, a violation of R.C. 2911.01(A)(1) and a felony of the first degree. The prosecution dismissed both of the firearm specifications, as well as the murder charge.
 {¶ 4} On September 27, 2004, the trial court held a sentencing hearing. At the hearing, the trial court imposed a prison term of nine years on the count of involuntary manslaughter and eight years on the count of aggravated robbery. The trial court further ordered that the terms be served consecutively.
 {¶ 5} Hairston appealed his sentences. This court held, inState v. Hairston, 3d Dist. No. 1-04-90, 2005-Ohio-2896, that the trial court made the necessary findings for the imposition of consecutive sentences but failed to state its reasons for doing so on the record at the sentencing hearing. This court further held the trial court erred in imposing a sentence beyond the statutory minimum. Consequently, this court reversed the trial court's judgment and remanded the matter for re-sentencing.
 {¶ 6} On June 22, 2005, the trial court conducted a second sentencing hearing. The trial court again imposed a prison term of nine years on the count of involuntary manslaughter and eight years on the count of aggravated robbery. As before, the trial court ordered that the terms be served consecutively.
 {¶ 7} It is from this judgment that Hairston appeals and sets forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court committed an error of law by imposingconsecutive sentences.
 {¶ 8} In his first assignment of error, Hairston argues the trial court failed to make the necessary findings under R.C.2929.14(E)(4) to impose consecutive sentences. For the reasons that follow, we find Hairston's argument unpersuasive.
 {¶ 9} On appeal from the imposition of sentence, an appellate court may not modify a criminal sentence or vacate the sentence and remand the matter to the trial court for re-sentencing unless it clearly and convincingly finds that the record does not support the necessary findings or it determines that a sentence is otherwise contrary to law. R.C. 2953.08(G)(1), (2).
 {¶ 10} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Third, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing* * * or was under post-release control for a prior offense;
 (b) * * * the harm caused by * * * multiple offenses was sogreat or unusual that no single prison term for any of theoffenses committed as part of a single course of conductadequately reflects the seriousness of the offender's conduct;
 (c) the offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 11} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. R.C.2929.19(B)(2)(c). Therefore, the trial court must not only make the necessary findings under R.C. 2929.14(E)(4), but it must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v.Brice (March 29, 2000), 4th Dist. No. 99CA24.
 {¶ 12} The trial court reviewed the applicable sentencing factors set forth in R.C. 2929.12 during the second sentencing hearing. The trial court then imposed the aforementioned prison terms and ordered that they be served consecutively. In doing so, the trial court stated:
The Court's going to order that the prison term imposed inCount Two will be served consecutive to the prison term imposedin Count One. The Court finds that consecutive prison terms arenecessary to protect the public and punish the defendant. TheCourt finds that consecutive terms are not disproportionate tothe conduct of the defendant. The Court also finds, based uponthe recidivism factors that I've already indicated, that thedefendant poses a danger. The Court would find that the harm doneby the defendant, being the death and his participation in thedeath of the victim, is so great and unusual that a single termdoes not adequately reflect the seriousness of his conduct. I'vealready mentioned seriousness factors, but for the record thereasons I'm making the finding as to consecutive being necessary[sic], as I've already stated, is it's necessary to protect thepublic and punish the defendant, and consecutive terms are notdisproportionate, and the defendant poses a danger. The Courtwould state its reasons for making this finding is [sic], again,the harm done was the death of Mr. Starks. The InvoluntaryManslaughter resulted during a planned robbery wherein theparticipants planned to use a gun to shoot the victim. Theyplanned to steal drugs. They invaded the victim at his own home.Because of the violent nature, the drug involvement, the harmdone, and the seriousness, that would not be reflected, the Courtfinds, by a single concurrent term.
 {¶ 13} "The Ohio Supreme Court has repeatedly held that in imposing consecutive sentences, a trial court need not use the exact words of the statute, but it must be clear from the record that the trial court made the required findings and stated its reasons for those findings." State v. Wirgau, 3d Dist. No. 8-05-04, 2005-Ohio-3605, at ¶ 10, citing State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 21.
 {¶ 14} The transcript of the second sentencing hearing reflects the trial court utilized language nearly identical to that which it invoked at the initial sentencing hearing. SeeHairston, 2005-Ohio-2896, at ¶ 4. This court previously stated that such language fulfilled the requirements set forth in R.C.2929.14(E)(4). Id. We recognize the trial court's statements could have more closely reflected the wording of the statute. Such a practice would eliminate much of the ambiguity upon which appeals are based. Nonetheless, we are satisfied in the present case that the trial court made the necessary findings.
 {¶ 15} Moreover, we find the transcript of the re-sentencing hearing includes the trial court's reasoning supporting the imposition of consecutive sentences. Thus, the trial court not only made the required findings under R.C. 2929.14(E)(4), but it also substantiated those findings with specific reasons as required by R.C. 2929.19(B)(2)(c).
 {¶ 16} Accordingly, Hairston's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The trial court committed an error of law by not imposing theshortest sentence.
 {¶ 17} Hairston does not allege in his second assignment of error that the trial court failed to make the necessary findings under R.C. 2929.14(B)(2) to deviate from the minimum terms of imprisonment. Rather, Hairston argues that there were no facts to support a prison sentence beyond the statutory minimum and that the trial court violated his right to a trial by jury when it made the findings to impose such a sentence.[1] For the reasons that follow, we find Hairston's arguments to be without merit.
 {¶ 18} As noted herein, an appellate court may not modify a criminal sentence or vacate the sentence and remand the matter to the trial court for re-sentencing unless it clearly and convincingly finds that the record does not support the necessary findings or it determines that a sentence is otherwise contrary to law. R.C. 2953.08(G)(1), (2).
 {¶ 19} Hairston pled guilty to involuntary manslaughter and aggravated robbery, two first degree felony offenses. A trial court may sentence an offender found guilty of a first degree felony offense to a term of three to ten years in prison. R.C.2929.14(A)(1). In fact, a first degree felony offense carries a presumption that a prison term is necessary to comply with the purposes of felony sentencing.[2] R.C. 2929.13(D).
 {¶ 20} The transcript of the re-sentencing hearing reflects the trial court considered the applicable seriousness and recidivism factors set forth in R.C. 2929.12 before it made the necessary findings under R.C. 2929.14(B)(2). The trial court noted the victim suffered serious physical harm, and ultimately death, as a result of Hairston's actions. R.C. 2929.12(B)(2). The trial court also found Hairston committed the offenses as part of an organized criminal activity because: Hairston participated in a plan with three co-defendants to rob the victim; the four individuals used a firearm and an aluminum baseball bat in furtherance of the act; the pre-sentencing investigation evinced the parties' premeditated intent to shoot the victim in the leg during the robbery; and the parties undertook the scheme to steal drugs. R.C. 2929.12(B)(7).
 {¶ 21} Additionally, the trial court noted Hairston maintained a persistent pattern of criminal conduct, R.C.2929.12(D)(2), and Hairston had not responded favorably to previous sanctions imposed for prior criminal convictions, R.C.2929.12(D)(3). Although the trial court stated Hairston exhibited genuine remorse for the victim's death, R.C. 2929.12(E)(5), it also concluded Hairston "demonstrated a pattern of substance abuse" related to his actions, R.C. 2929.12(D)(4).
 {¶ 22} In opposition to the trial court's conclusions, Hairston contends there were no facts to support the finding that he engaged in an organized criminal activity. Moreover, Hairston concedes he demonstrated a pattern of drug abuse related to his offenses, but he contends he has not refused to acknowledge or treat his problem as contemplated under R.C.2929.12(D)(4).[3]
 {¶ 23} Even assuming, arguendo, Hairston's contentions are correct, the applicable R.C. 2929.12 sentencing factors still weigh in favor of a sentence beyond the statutory minimum. The victim suffered serious physical harm, and ultimately death, as a result of the commission of the offenses. Further still, the trial court acknowledged "this was a planned group crime wherein there was no regard for the life of the victim," and the participants did not hesitate to resort to violence in order to acquire drugs. (Emphasis added.) We cannot, therefore, find by clear and convincing evidence that the trial court erred in sentencing Hairston to a term of imprisonment beyond the statutory minimum.
 {¶ 24} In addition to challenging the factual basis supporting the trial court's findings, Hairston asserts the trial court violated his right to a trial by jury when it made those findings. Hairston relies on the holding of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, for this proposition.
 {¶ 25} This court has previously ruled that the holding inBlakely does not apply to Ohio's sentencing framework. Statev. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Hairston's contention in this regard is without merit.
 {¶ 26} Hairston's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The trial court committed an error of law by imposing asentence which was not consistent with the sentences imposed uponthe other offenders.
 {¶ 27} In his third assignment of error, Hairston argues that his seventeen year prison sentence is inconsistent with the sentences imposed on his co-defendants and, thus, is contrary to R.C. 2929.11(B). Hairston notes all four individuals involved in the crime pled guilty to involuntary manslaughter and aggravated robbery. The sentence at issue is inconsistent, Hairston asserts, because his three co-defendants received respective sentences of fourteen, ten, and ten years in prison. For the reasons that follow, we find Hairston's argument lacks merit.
 {¶ 28} R.C. 2929.11(B) provides a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.) This court has previously stated that "consistency" does not mean exacting "uniformity." State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 12. Rather, "consistency" requires only that "[e]ach sentence * * * be the result of a sentencing inquiry which applies and evaluates the applicable portions of Revised Code sections 2929.11 through 2929.18 so that outcomes are rational and predictable." Id., citing Griffin Katz, OhioFelony Sentencing Law (2002), 49.
 {¶ 29} On appeal, the party claiming that a sentence is inconsistent with the sentences given in other cases bears the burden of providing the court with sentences imposed for "similar crimes" by "similar offenders" which validate the claimed inconsistency. State v. Gonzales, 3d Dist. No. 4-05-03,2005-Ohio-4912, at ¶ 22, citing State v. Dunn, 3d Dist. No. 1-02-98, 2003-Ohio-4353, at ¶ 29; see, also, State v. Hanson,
6th Dist. No. L-01-1217, 2002-Ohio-1522, at *3.
 {¶ 30} Although Hairston's defense counsel raised the issue of "consistency" during Hairston's re-sentencing hearing, there is insufficient evidence in the record to conduct a thorough comparison.[4] Specifically, the record contains no evidence of, among other things, the co-defendants' prior criminal history, if any. Moreover, Hairston's defense counsel expressly noted at the re-sentencing hearing that she was not familiar with such details.
 {¶ 31} In the absence of such evidence, we are unable to say Hairston's sentence was inconsistent with those of his co-defendants or that his sentence constituted an irrational or unpredictable outcome. We must, therefore, conclude Hairston failed to meet his burden to validate the claimed inconsistency.
 {¶ 32} Accordingly, Hairston's third assignment of error is overruled.
 {¶ 33} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] The trial court complied with R.C. 2929.14(B)(2) when it specifically found the shortest prison terms would "demean the seriousness of the defendant's conduct" and "not adequately protect the public * * *."
[2] The two overriding purposes of felony sentencing, as found in R.C. 2929.11(A), are "to protect the public from future crime by the offender and others and to punish the offender."
[3] R.C. 2929.12(D)(4) provides that, when considering the likelihood of recidivism, the trial court should consider whether: "The offender has demonstrated a pattern of drug * * * abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern,or the offender refuses treatment for the drug * * * abuse." (Emphasis added.)
[4] The trial judge that sentenced Hairston on both occasions sentenced one of the other co-defendants to a prison term of fourteen years. However, we note a different trial judge sentenced the remaining two defendants to the respective prison terms of ten years.