OPINION *Page 2 
{¶ 1} Defendant-appellant Yvonne Gipson appeals the sentence imposed by the Allen County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 12, 2004, the Allen County Grand Jury indicted Gipson on count one of aggravated arson, in violation of R.C. 2909.02(A)(2) and a second degree felony; count two of aggravated arson, in violation of R.C. 2909.02(A)(2) and a second degree felony; and count three of murder, in violation of R.C. 2903.02(B). The charges stemmed from a fire set by Gipson which led to the death of Michael Gibson.[1]
 {¶ 3} On August 9, 2004, a jury trial was held. Gipson was found guilty on all three counts in the indictment. Thereafter, the trial court held a sentencing hearing. The trial court sentenced Gipson to a prison term of three years on count one, a prison term of four years on count two, and a prison term of fifteen years to life on count three. The trial court further ordered that the prison term imposed in count one be served concurrent to the prison terms in counts two and three and that the prison term in count two be served consecutive to the prison term in count three. *Page 3 
 {¶ 4} Gipson appealed the trial court's judgment to this court. On August 1, 2005, we affirmed the judgment of the trial court. State v.Gipson, 3d Dist. No. 1-04-84, 2005-Ohio-3886.
 {¶ 5} Gipson appealed this court's decision to the Ohio Supreme Court. The Ohio Supreme Court remanded the case for resentencing based onState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In ReOhio Criminal Sentencing Statutes, 109 Ohio St.3d 313, 2006-Ohio-2109,847 N.E.2d 1174.
 {¶ 6} On July 11, 2006, the trial court conducted a resentencing hearing. The trial court sentenced Gipson to a prison term of three years on count one, a prison term of four years on count two, and a prison term of fifteen years to life on count three. The trial court further ordered that the prison term imposed in count one be served concurrent to the prison terms in counts two and three and that the prison term in count two be served consecutive to the prison term in count three.
 {¶ 7} It is from this sentence that Gipson appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE FELONY SENTENCING STATUTES AS APPLIED PURSUANT TO STATE V. FOSTER VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 8} In her sole assignment of error, Gipson argues that the Ohio Supreme Court's decision in Foster violated the due process clause because of a *Page 4 
lack of notice and fair warning of the potential new penalties, and that the Foster remedy was unforeseeable. Gipson further argues that R.C. 2929.14(B) stated that the court shall impose a minimum prison term on an offender who had not previously served a prison term, thus, Gipson was not aware that the range of sentences would be more than the minimum. Finally, Gipson argues that the retroactive application ofFoster violates R.C. 1.48 and R.C. 1.58.
 {¶ 9} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause. State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, at ¶¶ 14-20. For the reasons expressed by this court in McGhee, we find that Gipson's due process argument lacks merit.
 {¶ 10} Gipson committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. And, the statutory range of sentences for the offenses to which Gipson was convicted of has remained unchanged, thus Gipson was on notice of the potential penalties for her unlawful conduct. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 11} Prior to the Ohio Supreme Court's decision in Foster, the trial court had to impose the minimum prison term for an offender who had never served a prison term unless the trial court made certain findings on the record. *Page 5 
R.C. 2929.14(B); Foster, 2006-Ohio-856, at ¶¶ 57-61. In Foster, the Ohio Supreme Court held R.C. 2929.14(B), which provided apresumption of a minimum sentence for offenders who had not previously served a prison term, unconstitutional. Foster, 2006-Ohio-856, at paragraph one of the syllabus, ¶¶ 57-61; R.C. 2929.14(B).
 {¶ 12} As this court has noted, "[b]y its very definition a presumptive sentence is not guaranteed." McGhee, 2006-Ohio-5162, at ¶ 24. Accordingly, Gipson was not guaranteed a minimum prison term under R.C. 2929.14(B) and was subject to the range of sentences provided in R.C. 2929.14(A).
 {¶ 13} Finally, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, at ¶¶ 103-104. Gipson was resentenced in accordance with the Ohio Supreme Court's decision in Foster. This court is obligated to follow the precedent established by the Ohio Supreme Court. See State v.Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, at ¶ 9. Gipson's sole assignment of error is, thus, overruled.
 {¶ 14} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] For a more thorough recitation of the facts see this court's previous discussion of the facts in State v. Gipson, 3d Dist. No. 1-04-84, 2005-Ohio-3886. *Page 1