OPINION *Page 2 
{¶ 1} Defendant-Appellant Dominique D. Hairston ("Hairston") appeals from the September 26, 2006 Judgment Entry of Re-Sentencing of the Court of Common Pleas, Allen County, Ohio sentencing him to nine years in prison for his conviction of Involuntary Manslaughter in violation of Ohio Revised Code Section 2903.04(A) and eight years in prison for his conviction of Aggravated Robbery in violation of R.C. 2911.01(A)(1).
 {¶ 2} On April 21, 2004 an Allen County Grand Jury indicted Hairston on one count of Murder in violation of R.C. 2903.02(B) and one count of Aggravated Robbery, a felony of the first degree in violation of R.C.2911.01(A)(1). Both counts of the indictment also contained firearm specifications pursuant to R.C. 2941.145(A). At his arraignment on April 23, 2004 Hairston entered pleas of not guilty to the charges contained in the indictment.
 {¶ 3} On August 18, 2004 the trial court conducted a pretrial wherein Hairston withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of Involuntary Manslaughter, a felony of the first degree in violation of R.C. 2903.04(A) and to the charge of Aggravated Robbery as contained in the indictment. The firearm specifications on both counts were dismissed pursuant to plea negotiations. *Page 3 
 {¶ 4} On September 27, 2004 the trial court conducted Hairston's sentencing hearing and sentenced him to nine years in prison for his conviction of Involuntary Manslaughter and eight years in prison for his conviction of Aggravated Robbery. The trial court ordered that the two sentences be served consecutively. The trial court also granted Hairston credit for 189 days served.
 {¶ 5} On November 15, 2004 Hairston filed an appeal of his sentence alleging that the trial court erred by imposing consecutive sentences and by not imposing the shortest sentences. On June 13, 2005 this court reversed the September 27, 2004 judgment of the trial court and remanded the matter for further proceedings. See State v. Hairston, 3rd Dist. No. 1-04-90, 2005-Ohio-2896.
 {¶ 6} On June 22, 2005 the trial court conducted a re-sentencing hearing pursuant to R.C. 2929.19. The court again sentenced Hairston to prison terms of nine years for his conviction of Involuntary Manslaughter and eight years for his conviction of Aggravated Robbery, to be served consecutively.
 {¶ 7} On July 18, 2005 Hairston filed an appeal of the June 22, 2005 sentence. On January 30, 2006 this court affirmed the June 22, 2005 judgment of the trial court. See State v. Hairston, 3rd Dist. No. 1-05-46, 2006-Ohio-349. Hairston then filed an appeal to the Supreme Court of Ohio. On February 27, 2006 the Supreme Court of Ohio rendered its decision of State v. Foster, *Page 4 109 Ohio St.3d 1, 2006-Ohio-856. On August 2, 2006 the Supreme Court of Ohio accepted Hairston's appeal, reversed the January 30, 2006 judgment of this court, and remanded Hairston's case to the trial court for re-sentencing. See In re Ohio Criminal Sentencing Statutes Cases (2006),110 Ohio St.3d 70, 850 N.E.2d 1168,
 {¶ 8} On September 25, 2006 the trial court conducted a third sentencing hearing and again sentenced Hairston to prison terms of nine years for his conviction of Involuntary Manslaughter and eight years for his conviction of Aggravated Robbery, to be served consecutively. The trial court granted Hairston credit for 193 days already served.
 {¶ 9} Hairston now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SENTENCING DOMINIQUE D. HAIRSTON TO A NON-MINIMUM, CONSECUTIVE PRISON TERM FOR AGGRAVATED ROBBERY IN VIOLATION OF THE UNITED STATES CONSTITUTION AND HER (SIC) RIGHTS UNDER THE CONSTITUTION.
 {¶ 10} In his sole assignment of error, Hairston argues that the trial court erred in sentencing him to a non-minimum consecutive prison term which violates his Due Process rights and violates the Ex Post Facto Clause of the United States Constitution.
 {¶ 11} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. *Page 5 
In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C.2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender.Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at ¶ 100.
 {¶ 12} As this court is required to follow precedent as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Hairston to consecutive prison terms of nine years and eight years. On August 18, 2004 Hairston entered a negotiated plea of guilty to one count of Involuntary Manslaughter, a felony of the first degree in violation of R.C. 2903.04(A) and to one count of Aggravated Robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1).
 {¶ 13} Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: *Page 6 
 * * *
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 * * *
 {¶ 14} Accordingly, the trial court could have sentenced Hairston to prison terms of as little three years for each of his felony convictions or the maximum prison terms of ten years for each of his felony convictions. In this case, the trial court sentenced Hairston to prison terms of nine years and eight years, respectively, to be served consecutively.
 {¶ 15} Additionally, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Hairston's argument that his sentence violates the Due Process Clauses. Hairston pled guilty on August 18, 2004 and was sentenced to his prison term on September 27, 2004. He then filed a notice of appeal with this court in which we sustained Hairston's assignments of error and reversed the September 27, 2004 judgment of the trial court and remanded the matter to the trial court for re-sentencing. On June 22, 2005 Hairston was re-sentenced to the exact same prison term of nine years and eight years, to be served consecutively. He then filed a notice of appeal with this court in which we affirmed the June 22, 2005 sentence. Then, Hairston appealed his case to the Supreme Court of Ohio. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006 and this case was remanded for re-sentencing in accordance withFoster. *Page 7 
 {¶ 16} On September 26, 2006 the trial court re-sentenced Hairston to an identical prison sentence as in his original sentence. We note, as to this case, that the offense occurred subsequent to the United State's Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466,490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion inMcGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Hairston had notice of the potential sentence for his offenses.
 {¶ 17} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006 the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 18} Finally, we note that although not enumerated as a separate assignment of error, Hairston alleges that the "rule of lenity" requires that he receive minimum and concurrent sentences.
 {¶ 19} The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides as follows:
 Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused. *Page 8 
 {¶ 20} While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. State v. Rose 3rd Dist. No. 9-06-39, 2007-Ohio-1627
at ¶ 23 citing United States v. Johnson (2000), 529 U.S. 53,120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997), 520 U.S. 259, 266,117 S.Ct. 1219, 137 L.Ed.2d 432; State v. Arnold (1991),61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void inState v. Foster, supra. Id. Accordingly, the rule of lenity has no bearing on the present case because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes.
 {¶ 21} Based on the foregoing, Hairston's sole assignment of error is overruled and the September 26, 2006 Judgment Entry of Re-Sentencing of the Allen County Court of Common Pleas, sentencing Hairston to consecutive prison terms of nine years and eight years is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1