OPINION
{¶ 1} Defendant-appellant, Steven Wirgau (hereinafter "Wirgau"), appeals the judgment of the Logan County Court of Common Pleas, imposing a two-year prison term for Wirgau's conviction on one count of Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(1), a second degree felony, and ordering the sentence to be served consecutively to a prior prison term imposed for Non-Support of Dependents.
 {¶ 2} In 2003, Wirgau was convicted of Non-Support of Dependents and was placed on community control sanctions. On August 10, 2004, while still on community control sanctions, Wirgau was indicted on four counts of Aggravated Trafficking in Drugs, one count being a first degree felony, one count a second degree felony and two counts third degree felonies. Wirgau subsequently entered a guilty plea to one count of second degree felony Aggravated Trafficking in Drugs. Wirgau's plea was accepted, his conviction was entered and the matter proceeded to sentencing on January 10, 2005.
 {¶ 3} At the sentencing hearing, the trial court imposed a two-year term of imprisonment. The trial court further ordered Wirgau to serve the two-year prison term consecutive to the sentence he was already serving, an eleven-month prison term that had been reinstated on Wirgau's prior conviction for Non-Support of Dependents.
 {¶ 4} It is from the imposition of sentence that Wirgau appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in imposing a prison term consecutive to anotherprison term being served by the Defendant because: (1) there was nofinding that the sentence was not disproportionate to any danger that theDefendant may pose to the public; and (2) its finding that a consecutivesentence was appropriate was not supported by the record.
 {¶ 5} In his sole assignment of error, Wirgau contends that the trial court did not make the appropriate findings under R.C. 2929.14(E)(4) to impose consecutive sentences and that a consecutive sentence is not supported by the record. On an appeal from the imposition of sentence, an appellate court may remand the case, or increase, reduce, or otherwise modify the sentence, if it clearly and convincingly finds that the record does not support the sentence. See R.C. 2953.08(G)(1)(a).
 {¶ 6} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
 (c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 7} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA24.
 {¶ 8} The trial court, in the case sub judice, imposed consecutive sentences upon Wirgau by stating the following:
The — this is your first trafficking offense. You've never beforeappeared to be a drug dealer, but it was committed while you were oncommunity control for the non support.
 The court is going to impose a sentence of two years on this offense,and because it was while you were on community control and the Courtfinds it's necessary to protect the public and to punish you in a waythat's proportionate to the offense, the Court is going to make thisconsecutive with the sentence that you're now serving.
 {¶ 9} A review of these statements indicates the trial court made the required findings that consecutive sentences were necessary to protect the public and to punish Wirgau and that Wirgau committed the instant offense while he was on community control. Contrary to Wirgau's assertion, however, we find that the trial court's statement that Wirgau should be punished "in a way that's proportionate to the offense" satisfies the statutory finding, albeit barely, that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." See R.C. 2929.14(E)(4).
 {¶ 10} The Ohio Supreme Court has repeatedly held that in imposing consecutive sentences, a trial court need not use the exact words of the statute, but it must be clear from the record that the trial court made the required findings and stated its reasons for its findings. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 21. Although we recognize that the trial court's statement should have more closely reflected the wording of the statute, we are satisfied that the court was referring to the findings required by R.C. 2929.14(E)(4).
 {¶ 11} We are compelled to agree with Wirgau, however, that the court erred in the imposition of consecutive sentences because the trial court did not state any reasons, supported by the record, to substantiate the sentence imposed. Pursuant to R.C. 2929.19(B)(2)(c), the trial court is required to identify specific reasons, apart from the required findings, supporting the imposition of consecutive sentences. We are unable to find, through a plain reading of the sentencing transcript, that the trial court did so herein.
 {¶ 12} Accordingly, Wirgau's assignment of error is hereby sustained.
 {¶ 13} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Bryant and Rogers, JJ., concur.