OPINION
{¶ 1} Defendant-appellant, Randy L. Stayer (hereinafter "Stayer"), appeals the August 25, 2004 judgment of the Court of Common Pleas of Defiance County, Ohio, ordering that his five different prison sentences be served consecutively, amounting to a cumulative prison term of nine years and eleven months.
 {¶ 2} On April 14, 2004, a Defiance County Grand Jury returned a six count indictment against Stayer, charging him with the following: three counts of illegally manufacturing drugs (methamphetamine), a violation R.C. 2925.04(A) and a second degree felony; one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and a second degree felony; one count of aggravated possession of drugs, a violation of R.C. 2925.11(A)(C)(1)(a) and a fifth degree felony; and one count of aggravated trafficking in drugs, a violation of R.C.2925.03(A)(2)(C)(1)(d) and a second degree felony. Stayer was subsequently arraigned and pleaded "not guilty" as to each count.
 {¶ 3} On August 10, 2004, Stayer entered into a plea agreement. Under the plea agreement, Stayer pleaded "guilty" to all counts except the charge of aggravated trafficking in drugs which was dismissed by the prosecution. The plea agreement further provided for a combination of mandatory minimum and basic sentences that were to be served consecutively.
 {¶ 4} In accordance with the plea agreement and the prosecution's sentencing recommendation, the trial court imposed a prison term of two years for each count of illegally manufacturing drugs, three years for the count of engaging in a pattern of corrupt activity, and eleven months for the count of aggravated possession of drugs. Additionally, the trial court ordered that each term be served consecutively for a total cumulative term of imprisonment of nine years and eleven months in the Ohio Department of Rehabilitation and Correction.
 {¶ 5} It is from this decision that Stayer appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 Appellee's evidence was legally insufficient to support the verdict ofthe trial court.
 {¶ 6} In his sole assignment of error, Stayer contends that the trial court did not make the findings necessary to impose consecutive sentences under R.C. 2929.14(E)(4). Additionally, Stayer asserts his sentence was unconstitutional as a result of the United States Supreme Court decision of Blakely v. Washington (2004), 542 U.S. 296. As discussed infra, we find Stayer's assignment of error to be well-taken for the reason that the trial court did not make all of the required findings necessary to impose a consecutive sentence.
 {¶ 7} A trial court may not impose consecutive sentences unless it makes three statutorily enumerated findings. R.C. 2929.14(E)(4). First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." Id. Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public."[1] Id. Third, the trial court also must find the existence of one of the following:
(a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense;
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct;
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.[2]
 {¶ 8} In addition to these statutorily enumerated findings, R.C.2929.19(B)(2)(c) requires a trial court to state its reasons for imposing consecutive sentences. Therefore, the trial court must make the required findings under R.C. 2929.14(E)(4) and support those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Wirgau, 3d Dist., No. 08-05-04, 2005-Ohio-3605, at ¶ 7, quoting State v. Brice (March 29, 2000), 4th Dist. No. 99CA24.
 {¶ 9} Importantly, the trial court's statutorily enumerated findings, and its reasons supporting those findings, must be stated on the record at the sentencing hearing. State v. Comer (2003), 99 Ohio St.3d 463,793 N.E.2d 473, paragraph one of the syllabus.
 {¶ 10} In the case sub judice, the trial court adopted the prosecution's recommended sentence, and imposed a prison term of two years for each count of illegally manufacturing drugs, three years for the count of engaging in a pattern of corrupt activity, and eleven months for the count of aggravated possession of drugs. Thereafter, the trial court stated:
The Court determines that it is appropriate to impose those termsconsecutively rather than concurrently. To do otherwise would in thewhole picture demean the seriousness of his [Stayer's] conduct and notadequately protect the public from an ongoing pattern of very seriouscriminal behavior. Consecutive terms are also not disproportionate to theharm caused by this serious criminal activity. A cumulative term then ofnine (9) years, eleven (11) months at the Ohio Department ofRehabilitation and Corrections at Orient will be imposed.
 {¶ 11} The Ohio Supreme Court's holding in Comer requires the trial court's statutorily enumerated findings, as well as the reasons supporting those findings, to be reflected in the record of the sentencing hearing. Although the trial court correctly acknowledged the dangers associated with methamphetamine production and the substantial harm it causes to society, a review of the transcript of the sentencing hearing indicates the trial court failed to make all of the necessary findings under R.C. 2929.14(E)(4). Specifically, we are unable to locate, through a plain reading of the transcript, findings corresponding to any of the factors set forth in R.C. 2929.14(E)(4)(a) through (c). On an appeal from the imposition of sentence, an appellate court may remand the case, or increase, reduce, or otherwise modify the sentence, if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(E)(4). R.C.2953.08(G)(1)(a). Therefore, we must agree with Stayer that the trial court erred in the imposition of consecutive sentences.
 {¶ 12} In addition to Stayer's assertions under R.C. 2929.14(E)(4), he also contends his sentence was unconstitutional under Blakely. This court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing framework. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Stayer's contention in this regard is without merit.
 {¶ 13} For the foregoing reasons, Stayer's sole assignment of error is sustained. Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and Cause remanded.
 SHAW and BRYANT, JJ., concur.
[1] Before a trial court finds that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public," it must first consider the recidivism factors set forth under R.C. 2929.12(D)(1) through (5) and R.C.2929.12(E)(1) through (5). See State v. Scarberry (2005), 3d Dist. No. 08-04-32, 2005-Ohio-1425, at ¶ 13, citing R.C. 2929.12(D) and (E); Statev. Watkins, 3d Dist. No. 02-04-08, 2004-Ohio-4809, at ¶ 17.
[2] A trial court must also consider the recidivism factors under R.C.2929.12(D) and (E) before finding "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." See Watkins, 2004-Ohio-4809
at ¶ 17-19.