OPINION
{¶ 1} Defendant-appellant, Bennie Williams, Jr. (hereinafter "Williams"), appeals the judgment of the Allen County Court of Common Pleas sentencing him to a total of fourteen years in prison.
 {¶ 2} On January 13, 2005, a grand jury returned a ten count indictment against Williams. The indictment charged the following: count one, trafficking in powder cocaine, with a forfeiture specification, in violation of R.C. 2925.03(A) and (C)(4)(d), a felony of the second degree; count two, permitting drug abuse in violation of R.C. 2925.13(A) and (C)(3), a felony of the fifth degree; count three, trafficking in powder cocaine, with a forfeiture specification, in violation of R.C. 2925.03(A) and (C)(4)(d), a felony of the second degree; count four, permitting drug abuse in violation of R.C. 2925.13(A) and (C)(3), a felony of the fifth degree; count five, trafficking in powder cocaine, with a forfeiture specification, in violation of R.C.2925.03(A) and (C)(4)(d), a felony of the third degree; count six, permitting drug abuse in violation of R.C. 2925.13(A) and (C)(3), a felony of the fifth degree; count seven, trafficking powder cocaine in violation of R.C. 2925.03(A) and (C)(4)(e), a felony of the first degree; count eight, permitting drug abuse in violation of R.C. 2925.13(A) and (C)(3), a felony of the fifth degree; count nine, possession of powder cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree; and count ten, possession of marijuana in violation of R.C.2925.11(A) and (C)(3)(d), a felony of the third degree. Williams pled not guilty to each charge.
 {¶ 3} On March 31, 2005, Williams entered into a plea agreement. Under the terms of the plea agreement, Williams pled no contest to all of the charges in the indictment. Thereafter, the trial court accepted Williams' change of plea, and entered a finding of guilty on all counts.
 {¶ 4} On June 6, 2005, the trial court held a sentencing hearing. At the hearing, the trial court imposed the following respective prison terms: count one, two years; count two, eleven months; count three, two years; count four, eleven months; count five, one year; count six, eleven months; count seven, three years; count eight, eleven months; count nine, two years; and count ten, four years. Additionally, the trial court ordered that the sentences in counts one and two be served concurrently; the sentences in counts three and four be served concurrently; the sentences in counts five and six be served concurrently; and the sentences in counts seven and eight be served concurrently. The trial court also ordered that each concurrent sentence, as well as the sentences for counts nine and ten, be served consecutively. Thus, the trial court sentenced Williams to a total cumulative prison term of fourteen years.
 {¶ 5} It is from this decision that Williams appeals and sets forth two assignments of error for our review. For purposes of clarity, we consider the first and second assignments of error out of the order presented by Williams.
 ASSIGNMENT OF ERROR NO. 2 The trial court committed an error of law by not imposing theshortest sentence.
 {¶ 6} In his second assignment of error, Williams contends his four year sentence for possession of marijuana was contrary to law because there were no facts to support a prison sentence beyond the statutory minimum. For the reasons that follow, we find Williams' contention to be without merit.
 {¶ 7} A trial court has broad discretion in fashioning a sentence that complies with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11(A).State v. Foster, 150 Ohio App.3d 669, 2002-Ohio-6783, 782 N.E.2d 1180, at ¶ 26. In exercising its discretion, the trial court must consider the applicable seriousness and recidivism factors under R.C. 2929.12, as well as any other relevant factors. R.C. 2929.12(A).
 {¶ 8} An appellate court's standard for reviewing a trial court's sentencing decision is not, however, whether the trial court abused its discretion. Instead, an appellate court must review the propriety of the trial court's decision and only substitute its judgment for that of the trial court on a showing of clear and convincing evidence that the record does not support the trial court's findings or that the trial court's judgment is otherwise contrary to law. R.C. 2953.08(G)(1), (2).
 {¶ 9} In the case sub judice, Williams pled guilty to possession of marijuana, a felony of the third degree. A trial court may sentence an offender found guilty of a felony of the third degree to a prison term ranging from one to five years. R.C. 2929.14(A)(3). If the trial court imposes a prison term, however, R.C. 2929.14(B)(2) requires the trial court to impose the shortest prison term authorized under R.C. 2929.14(A)(3) unless "[t]he [trial] court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 10} Williams does not contend the trial court failed to make the necessary findings under R.C. 2929.14(B)(2). Rather, Williams contends the trial court's findings under R.C. 2929.12
did not support its conclusion that "the shortest prison term [would] demean the seriousness of the offender's conduct."
 {¶ 11} The transcript of the sentencing hearing reflects the trial court considered the applicable seriousness and recidivism factors set forth in R.C. 2929.12. In doing so, the trial court found Williams committed the offense at issue out of greed or for hire. R.C. 2929.12(B)(7). The trial court further found that Williams did not cause or expect to cause physical harm to any person or property in committing the offense. R.C. 2929.12(C)(3).
 {¶ 12} In considering other factors, the trial court concluded Williams' prior criminal history, which included drug trafficking in 1983 and a weapons disability charge in 1990, evinced a high likelihood of recidivism. R.C. 2929.12(D)(2). This was so, the trial court concluded, even though Williams apparently "led a law-abiding life for a significant number of years" and seemed to have "paid his debts." Although the trial court also stated Williams showed genuine remorse for his conduct, R.C. 2929.12(E)(5), it found Williams' actions in light of his prior criminal history established that he had not responded favorably to any previous sanctions, R.C.2929.12(D)(3).
 {¶ 13} Furthermore, the trial court acknowledged the large amount of drugs attributable to the marijuana charge alone. Specifically, Williams possessed 3,054 grams of marijuana at the time of his arrest.[1]
 {¶ 14} After review, we cannot find by clear and convincing evidence that the trial court's findings are unsupported by the record. We must, therefore, conclude the trial court did not err in sentencing Williams for possession of marijuana to a term of imprisonment beyond the statutory minimum.
 {¶ 15} In addition to challenging the factual basis supporting the trial court's findings, Williams also asserts the trial court violated his right to a trial by jury when it made those findings. Williams relies on the holding of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, for this proposition.
 {¶ 16} This court has previously ruled that the holding inBlakely does not apply to Ohio's sentencing framework. Statev. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Williams' contention in this regard is without merit.
 {¶ 17} Accordingly, Williams' second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 1 The trial court committed an error of law by imposingconsecutive sentences.
 {¶ 18} In his first assignment of error, Williams argues that the trial court failed to make the necessary findings under R.C.2929.14(E)(4) to impose consecutive sentences and that the trial court failed to state its reasons for such findings on the record at the sentencing hearing. Williams further argues the record does not support the findings necessary for the imposition of consecutive sentences. For the reasons that follow, we find Williams' arguments unpersuasive.
 {¶ 19} As noted herein, an appellate court may not modify a criminal sentence or vacate the sentence and remand the matter to the trial court for re-sentencing unless it clearly and convincingly finds that the record does not support the necessary findings or it determines that a sentence is otherwise contrary to law. R.C. 2953.08(G)(1), (2).
 {¶ 20} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Third, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing* * * or was under post-release control for a prior offense;
 (b) * * * the harm caused by * * * multiple offenses was sogreat or unusual that no single prison term for any of theoffenses committed as part of a single course of conductadequately reflects the seriousness of the offender's conduct;
 (c) the offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 21} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. R.C.2929.19(B)(2)(c). Therefore, the trial court must not only make the necessary findings under R.C. 2929.14(E)(4), but it must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v.Brice (March 29, 2000), 4th Dist. No. 99CA24.
 {¶ 22} As discussed above, the trial court reviewed the applicable sentencing factors set forth in R.C. 2929.12. The trial court then imposed the aforementioned prison terms, specified which sentences were to be served concurrently, and ordered that all of the sentences be served consecutively. In doing so, the trial court stated:
With regard to the consecutive sentences that I have imposed,the Court finds that the harm done was so great and unusual thata single term does not adequately reflect the seriousness of theconduct. Also, with the defendant's criminal history and theprevious drug trafficking charge, even though it was some twentyyears ago, I think in this case with the number of counts and theamount involved that the criminal history shows that consecutiveterms are needed to protect the public. The court finds itnecessary to protect the public and punish the defendant.Consecutive terms, under the circumstances, and in the lengthsthat I've granted are not disproportionate to the conduct of thedefendant.
 {¶ 23} "The Ohio Supreme Court has repeatedly held that in imposing consecutive sentences, a trial court need not use the exact words of the statute, but it must be clear from the record that the trial court made the required findings and stated its reasons for its findings." State v. Wirgau, 3d Dist. No. 8-05-04, 2005-Ohio-3605, at ¶ 10, citing State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 21.
 {¶ 24} This court has previously noted that the language invoked by the trial court was sufficiently clear to fulfill the requirements set forth in R.C. 2929.14(E)(4). See State v.Hairston, 3d Dist. No. 1-04-90, 2005-Ohio-2896, at ¶ 4. We recognize the trial court's statements could have more closely reflected the wording of the statute. Such a practice would eliminate much of the ambiguity upon which appeals are based. Nonetheless, we are satisfied in this case that the trial court made the necessary findings.
 {¶ 25} Moreover, we find the transcript of the sentencing hearing includes the trial court's reasoning for imposing consecutive sentences. The trial court specifically based its decision on "the defendant's criminal history and [prior] drug trafficking charge," as well as "the number of counts and the amount [of drugs] involved * * *." Thus, the trial court not only made the required findings under R.C. 2929.14(E)(4), but it also substantiated those findings as required by R.C.2929.19(B)(2)(c).
 {¶ 26} Having determined the trial court made the necessary findings under R.C. 2929.14(E)(4), we next consider Williams' contention that the record does not support those findings. At the sentencing hearing, the trial court stated Williams "led a law-abiding life for a significant number of years" before he committed the offenses at issue. The trial court further stated Williams seemed to have "paid his debts" for his prior criminal conduct. Thus, Williams asserts, the trial court's determination that he was likely to recidivate does not support the findings needed to impose consecutive sentences.
 {¶ 27} While the trial court acknowledged factors in Williams' favor, we are unable to say that this means the requirements of R.C. 2929.14(E)(4) are unsupported by the record. Given the nature of Williams' prior criminal history and the amount of drugs at issue herein, the trial court could reasonably conclude, in the exercise of its discretion, that Williams maintained a high likelihood of recidivating. Accordingly, such a determination in the context of this case can properly support the findings necessary to impose consecutive sentences.
 {¶ 28} Williams' first assignment of error is overruled.
 {¶ 29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] Although unrelated to the marijuana charge, we note that Williams' cocaine charges stemmed from four incidents in which Williams sold an approximate total of 225 grams of cocaine to a confidential informant. Additionally, Williams also possessed approximately 343 grams of cocaine at the time of his arrest.