OPINION
{¶ 1} Defendant-appellant, Randy L. Stayer (hereinafter "Stayer"), appeals the sentence imposed by the Defiance County Court of Common Pleas. In light of the Ohio Supreme Court's opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, we vacate the sentence and remand for resentencing.
 {¶ 2} On April 14, 2004, a Defiance County Grand Jury returned a six count indictment against Stayer including: three counts of illegally manufacturing drugs (methamphetamine), violations of R.C. 2925.04(A) and second degree felonies; one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and a second degree felony; one count of aggravated possession of drugs, a violation of R.C.2925.11(A)(C)(1)(a) and a fifth degree felony; and one count of aggravated trafficking in drugs, a violation of R.C.2925.03(A)(2)(C)(1)(d) and a second degree felony.
 {¶ 3} On August 10, 2004, Stayer entered into a plea agreement. Under the plea agreement, Stayer pleaded "guilty" to all counts except the charge of aggravated trafficking in drugs which was dismissed by the prosecution. The plea agreement further provided for a combination of mandatory minimum and basic sentences that were to be served consecutively.
 {¶ 4} In accordance with the plea agreement and the prosecution's sentencing recommendation, the trial court imposed a prison term of two years for each count of illegally manufacturing drugs, three years for the count of engaging in a pattern of corrupt activity, and eleven months for the count of aggravated possession of drugs. Additionally, the trial court ordered that each term be served consecutively for a total cumulative term of imprisonment of nine years and eleven months.
 {¶ 5} Stayer appealed his sentence to this court, and we reversed and remanded to the trial court for resentencing. Statev. Stayer, 3d Dist. No. 4-05-06, 2005-Ohio-5035, at ¶ 11. On November 29, 2005, the trial court made additional findings and reimposed the original sentence.
 {¶ 6} It is from this sentence that Stayer appeals and sets forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPONTHE APPELLANT CONTRARY TO LAW.
 {¶ 7} Stayer argues, in his sole assignment of error, that the trial court erred when it reimposed consecutive sentences.
 {¶ 8} In Foster, the Ohio Supreme Court held portions of Ohio's sentencing framework unconstitutional. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Specifically, the Ohio Supreme Court held R.C. 2929.14(E)(4) unconstitutional. Id. at paragraph three of the syllabus. Since Stayer was sentenced to consecutive sentences under a statute found unconstitutional by the Ohio Supreme Court and Stayer's direct appeal was pending when Foster was released, we must vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster. See Id. at ¶¶ 103-104.
Sentence Vacated and Cause Remanded.
 Bryant, P.J. and Rogers, J., concur.