OPINION
{¶ 1} Defendant-appellant Randy Stayer appeals the sentence imposed by the Defiance County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On April 14, 2004, the Defiance County Grand Jury indicted Stayer on six counts including: three counts of illegally manufacturing drugs (methamphetamine), violations of R.C. 2925.04(A) and second degree felonies; one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and a second degree felony; one count of aggravated possession of drugs, a violation of R.C. 2925.11(A)(C)(1)(a) and a fifth degree felony; and one count of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2)(C)(1)(d) and a second degree felony.
 {¶ 3} Pursuant to a plea agreement, Stayer pled guilty to all counts except the charge of aggravated trafficking in drugs which was dismissed by the prosecution. Consistent with the negotiated plea, the trial court sentenced Stayer to two years imprisonment for each count of illegally manufacturing drugs, three years imprisonment for the count of engaging in a pattern of corrupt activity, and eleven months imprisonment for the count of aggravated possession of drugs. The *Page 3 
trial court ordered that each term of imprisonment be served consecutively for an aggregate prison term of nine years and eleven months.
 {¶ 4} Stayer appealed his sentence to this court, and we reversed and remanded for resentencing. State v. Stayer, 3d Dist. No. 4-05-06,2005-Ohio-5035, at ¶ 11. On November 29, 2005, the trial court made additional findings. The trial court again sentenced Stayer to two years imprisonment on each count of illegally manufacturing drugs; three years imprisonment on the count of engaging in a pattern of corrupt activity; and eleven months imprisonment on the count of aggravated possession of drugs. The trial court further ordered the terms of imprisonment be served consecutively for a cumulative sentence of nine years and eleven months.
 {¶ 5} Stayer again appealed his sentence to this court. We vacated the sentence and remanded the case for proceedings consistent with the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. State v. Stayer, 3d Dist. No. 4-06-01,2006-Ohio-2780. The trial court again resentenced Stayer to two years imprisonment on each count of illegally manufacturing drugs; three years imprisonment on the engaging in a pattern of corrupt activity; and eleven months imprisonment on the aggravated possession of drugs. The trial court also ordered that the terms of imprisonment be served consecutively for a cumulative sentence of nine years and eleven months. *Page 4 
 {¶ 6} It is from this judgment that Stayer appeals and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I APPELLEE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT THE VERDICT [sic] OF THE TRIAL COURT.
 {¶ 7} In his sole assignment of error, Stayer argues the trial court improperly sentenced him.[1] Specifically, Stayer argues that the trial court failed to provide reasons why the trial court was imposing consecutive sentences, that the enumerated findings in R.C.2929.14(E)(4) do not apply, and that Stayer has never served a term of imprisonment.
 {¶ 8} In State v. Foster, the Ohio Supreme Court held that R.C.2929.14(E)(4) was unconstitutional. Foster, 2006-Ohio-856, paragraph three of the syllabus. The court severed the statute and determined "judicial factfinding is not required before imposition of consecutive prison terms." Id., at paragraph four of the syllabus. Furthermore, the court determined that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. *Page 5 
 {¶ 9} Stayer pled guilty to three counts of illegally manufacturing drugs, second degree felonies; one count of engaging in a pattern of corrupt activity, a second degree felony; and one count of aggravated possession of drugs, a fifth degree felony. The sentencing range for each felony of the second degree consists of two, three, four, five, six, seven, or eight years of imprisonment. R.C. 2929.14(A)(2). Whereas, the sentencing range for a fifth degree felony consists of six, seven, eight, nine, ten, eleven, or twelve months imprisonment. R.C.2929.14(A)(5). The trial court resentenced Stayer within the applicable sentencing range and in accordance with Foster. In addition, the prison sentence imposed by the trial court was consistent with the negotiated plea.
 {¶ 10} Accordingly, we hold the trial court did not err in resentencing Stayer to a cumulative prison term of nine years and eleven months. Thus, Stayer's assignment of error is overruled.
 {¶ 11} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS and WILLAMOWSKI, JJ., concur.
[1] At oral arguments, Stayer argued about fines imposed by the trial court; however, Stayer had not argued the issue in his appellate brief. "An issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived." Andreyko v.Cincinnati, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, at ¶ 20. Accordingly, we find that Stayer has waived the fine issue for purposes of appeal. *Page 1