[Cite as *State v. Jessen*, 2019-Ohio-907.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                CASE NO.  2-18-16

     v.

DAVID L. JESSEN,                    O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2017-CR-172

Judgment Affirmed

Date of Decision:  March 18, 2019

APPEARANCES:

    *Jose M. Lopez* for Appellant

    *Benjamin R. Elder* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, David L. Jessen ("Jessen"), appeals the October 3, 2018 journal entry – orders on sentence of the Auglaize County Court of Common Pleas finding him guilty of two counts of gross sexual imposition. On appeal, Jessen asserts that: 1) the trial court erred in ordering Jessen to serve consecutive sentences, and 2) that the trial court's imposition of consecutive sentences is excessive and disproportional. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On December 14, 2017, the Auglaize County Grand Jury indicted Jessen on four counts of gross sexual imposition, each in violation of R.C. 2907.05(A)(4) and being felonies of the third-degree, arising out of his sexual contact with a minor child that occurred at or between the 1st day of August, 2017 and the 2nd day of September, 2017. (Doc. No. 1).

{¶3} On December 18, 2017, Jessen appeared for arraignment and entered pleas of not guilty. (Doc. No. 10).

{¶4} On July 23, 2018, Jessen withdrew his pleas of not guilty and pled guilty, under a negotiated plea agreement with the State, to Counts One and Two, as indicted. (Doc. No. 52, 53). In exchange for his guilty pleas, the State agreed to dismiss Counts Three and Four of the indictment. The State further agreed to join the defendant pursuant to R.C. 2953.08(D) in recommending that Jessen be placed

on community control by the trial court subject to the following conditions: 1) "same terms and conditions as in 15CR25"[1], 2) that Jessen be notified that upon a violation of the conditions of community control that he may be sentenced to serve "sixty (60) months" on Count One and on Count Two for a total possible maximum term of incarceration of one hundred and twenty (120) months, 3) that a victim impact statement ("VIS") be prepared by the Auglaize County Victim Advocate; and 4) that Jessen be registered as a Tier II sex offender. (Doc. No. 52). The trial court accepted Jessen's guilty pleas, found him guilty, dismissed Counts Three and Four, and ordered the preparation of a presentence investigation report ("PSI"). (Doc. No. 53).

{¶5} Relevant to this appeal, during Jessen's change of plea hearing, the State gave a recitation of the facts relative to Counts One and Two which included two separate incidents of over-the-clothing sexual contact where Jessen admitted to touching the minor child's buttocks with his fingers. (July 23, 2018 Tr. at 14-15, PSI). Both incidents occurred while the minor child was seated on Jessen's lap pretending to drive his vehicle. (*Id.*). During the plea hearing, Jessen admitted to touching the minor child's buttocks for his own sexual gratification. (July 23, 2018 Tr. at 13-14). Also during the plea hearing, the trial court noted Jessen's previous

---

[1] We note that the conditions of probation for Case No. 15CR25 are not a part of the record of the instant Case.

conviction for child endangerment which was a result of a negotiated plea[2] involving facts similar to the present case. (*Id.*). Jessen admitted to the trial court that the prior incident involved multiple minor children victims wherein Jessen had skin-to-skin sexual contact with the minor children's buttocks. (*Id.*)

{¶6} Ultimately, on October 3, 2018, the trial court sentenced Jessen to 30 months in prison on Count One and 24 months in prison on Count Two of the indictment. (Doc. No. 63). The trial court further ordered Jessen to serve the sentences consecutively for an aggregate term of 54 months in prison. (*Id.*). Further, the trial court found Jessen to be a Tier II sex offender and ordered him to register for a period of 25 years with in-person verification every 180 days. (*Id.*). The trial court also ordered the imposition of a ten thousand dollar ($10,000.00) fine as to Count One and a ten thousand dollars ($10,000.00) fine on Count Two, for a total fine of twenty thousand dollars ($20,000.00), plus court costs. (*Id.*).

{¶7} On October 22, 2018, Jessen timely filed a notice of appeal. (Doc. No. 90). He raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court erred in ordering Appellant to serve consecutive sentences.**

---

[2] The conviction for child endangerment, a misdemeanor of the first degree, arose out of a Bill of Information that was presented to the Auglaize County Common Pleas Court amid a trial on the original indictment in Case Number 15CR25 from a 2014 incident. In that case, Jessen had previously been indicted on one count of rape and four counts of gross sexual imposition. (October 3, 2018 Tr. at 17, 24; PSI).

## Assignment of Error No. II

**The trial court's imposition of consecutive sentences is excessive and disproportional and constitutes an abuse of discretion.**

{¶8} For ease of discussion and because appellant's assignments of error are interrelated, we will discuss them together.

### Consecutive Sentences

{¶9} In his assignments of error, Jessen argues that the trial court erred by imposing consecutive sentences. Specifically, he argues that "the sentencing court failed to consider the "proportionality" of imposing consecutive sentences in relation to the seriousness of Defendant's conduct and the danger to the public." (Appellant's Brief at 6). Jessen also argues that the trial court "failed to cite with particularity the seriousness of Defendant's conduct and why Defendant posed a substantial danger to the public necessitating consecutive sentences." (*Id.* at 6, citing *State v. Stayer*, 3d Dist. Defiance No. 4-05-06, 2005-Ohio-5035, ¶ 8 citing *State v. Wirgau*, 3d Dist. Logan No. 8-5-04, 2005-Ohio-3605 at ¶ 7, quoting *State v. Brice*, (March 29, 2000, 4th Dist. No. 99CA24). Jessen's final argument is that the imposition of consecutive sentences was harsh, disproportional, and not supported by the record. (*Id.* at 8).

### Standard of Review

{¶10} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

-5-

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶11}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A).

**{¶12}** Revised Code 2929.14(C) provides:

**(4)** **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:**

**(a)** **The offender committed one or more of the multiple offenses which the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised code, or was under post-release control for a prior offense.**

**(b)  At least two of the multiple offenses were committed as party of one or more courses of conduct, and the harm caused by two or more of the multiple offense so committed was so great or unusual that no single prison term for any of the offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct.**

**(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

**{¶13}** Revised Code 2929.14(C)(4) requires the trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.  Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id*.; *Id.*

**{¶14}** The trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that

the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis (Consecutive Sentences)*

**{¶15}** In this case, the trial court engaged in a lengthy discussion with Jessen at the plea change hearing, and again, at the sentencing hearing. (July 23, 2017 Tr. at 1-37; October 3, 2018 Tr. 1-26). At the sentencing hearing, the trial court noted its consideration of the presentence investigation report, the victim impact statement, the statements of the victim's mother in open court, and Jessen's updated psychosexual evaluation. (October 3, 2018 Tr. at 16-18). Thereafter, the trial court sentenced Jessen noting that it had also considered the factors in 2929.14(C) by referencing the statute verbatim. Specifically, the trial court stated as follows:

> **the Court FINDS further that CONSECUTIVE services are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public…**

(October 3, 2018 Tr. at 18). The trial court, then, went on to support its findings by finding that Jessen was on probation for child endangerment at the time he committed the offenses. (*Id.*). Further, the trial court noted Jessen's criminal history necessitated consecutive sentences to protect the public from future criminal activity in conformity with R.C. 2929.14(C)(4)(c). (*Id.*).

{¶16} The record before us reflects that the trial court made the appropriate findings to impose consecutive sentences in this matter. Notably, the trial court is not required to explain the reasons for its findings on the record, so long as the findings are properly made and supported by the record. Nevertheless, the trial court did engage in a detailed discussion of its reasoning for imposing consecutive sentences. Thus, we conclude this portion of Jessen's argument is without merit.

{¶17} Jessen next argues that the trial court failed to consider "proportionality" in relation to the seriousness of Jessen's conduct and the danger to the public. We find no merit to this argument. The trial court determined that Jessen's previous offense was virtually identical to the case at bar. The trial court also relayed personal regret of its approval of the plea agreement concerning Jessen's prior offense which (seemingly) allowed Jessen to repeat, and to (seemingly) adapt his criminal behavior, so as to make it less likely it would be discovered.[3] (*Id.*).

{¶18} Moreover, we note that the minor child in the instant case reported twenty incidents involving sexual contact (by Jessen) to his erogenous zones including nineteen incidents relating to his buttocks and one incident involving his groin area. (PSI). Hence, Jessen's assertion that there was a "low level of sexual

---

[3] After Jessen's conviction on the child endangerment charge where he had made skin-to-skin sexual contact with two other minor male children, he adapted his behavior to digital manipulation of the same area, but over-the-clothing of the minor male child. This adaptation permitted Jessen to make what could appear to be innocent explanations for Jessen's conduct.

contact" with a minor child is misplaced, since, no level of "sexual contact" with a minor child as defined under R.C. 2907.01 is without harm. And, in the instant case, the harm this victim suffered is in the record and quantifiable.[4]

**{¶19}** Furthermore, the minor child's mother also suffered harm. (*Id.*). She expressed concerns regarding her minor child's mental health and is no longer comfortable in her home. (*Id.*). The minor child has a younger male sibling whom the mother now fears could be victimized in the same manner. (*Id.*).

**{¶20}** Therefore, based upon the record before us, there is no indication that the punishment in this case is grossly disproportionate to the injuries perpetrated on the minor child victim in this matter. Accordingly, we cannot find that the trial court's imposition of consecutive sentences was clear and convincingly contrary to law. Therefore, Jessen's first and second assignments of error as they relate to consecutive sentences are overruled.

*Allied Offenses*

**{¶21}** In Jessen's first assignment of error, he also contends that since the plea agreement was silent as to allied offenses of similar import and because the

---

[4] The minor child is afraid to be alone with men or to enter a public restroom without his mother present. (VIS). He is afraid to go outside to play due to the proximity of his mother's home the Jessen's residence. (*Id.*; October 3, 2018 Tr. at 13). The mother also reported that the minor child is now introverted when he used to be "outgoing" and "chatty". (VIS). He is having difficulty concentrating in class after having been an overachiever. (*Id.*).

Case No. 2-18-16

wording listed in the indictment as to Counts One and Two, is identical,[5] both Count

One and Count Two should have merged for the purpose of sentencing. Thus,

Jessen argues that the imposition of consecutive sentences is plain error.

(Appellant's Brief at 7, citing *State v. Underwood*, 124 Ohio St.3d 365 (2010); *see

also*, *State v. Brown*, 119 Ohio St.3d 447 (2008) and *State v. McGuire*, 80 Ohio

St.3d 390 (1997)). Further, Jessen asserts that the trial court was obligated pursuant

to R.C. §2941.25 to determine that the offenses were allied, and if so, he could only

be convicted of one offense. (*Id.* at 7).

*Standard of Review*

**{¶22}** "Whether offenses are allied offenses of similar import is a question

of law that this Court reviews de novo." *State v. Frye*, 3d Dist. Allen No. 1-17-30,

2018-Ohio-894; *see also*, *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995.

**{¶23}** R.C. 2941.25, Ohio's multiple-count statute, states:

**(A) Where the same conduct by defendant can be construed to
constitute two or more allied offenses of similar import, the
indictment or information may contain counts for all such
offenses, but the defendant may be convicted of only one.**
**(B) Where the defendant's conduct constitutes two or more
offenses of dissimilar import, or where his conduct results in two
or more offenses of the same or similar kind committed separately
or with a separate animus as to each, the indictment or**

---

[5] Specifically, Counts One and Two read as follows: that at or between the 1st day of August, 2017, and the 2nd day of September, 2017, at Auglaize County, Ohio, David L. Jessen did have sexual contact with another, not the spouse of the offender and the other person is less than thirteen years of age, whether or not the offender knows the age of that person. Said act is a felony of the third degree in violation of Ohio Revised Code Title 29 § 2907.05(A)(4).

-11-

**information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

{¶24} The Supreme Court directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

**As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.**

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and citing *Ruff* at paragraphs one, two, and three of the syllabus.

{¶25} Applying the *Ruff* allied-offense analysis, we conclude that Jessen's convictions for gross sexual imposition are not allied offenses of similar import. Because it is dispositive, we address only the dissimilar-import question of the three-part test.

*Analysis (Allied Offenses)*

{¶26} "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *Id.* at ¶ 77, quoting *Ruff* at paragraph two of the syllabus.

> **At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial \* \* \* will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.**

*Ruff* at ¶ 26.

{¶27} It is uncontroverted that Jessen admitted to touching the minor child's buttocks with his fingers over clothing for his own sexual gratification, at least twice. (July 23, 2018 Tr. at 13-14; PSI). The record reveals that Jessen's sexual contact with the victim occurred in two separate vehicles. (*Id.* at 14-15; *Id.*). Moreover, during Jessen's plea hearing, the trial court, specifically, addressed Jessen by asking "how many times did you do this?" (July 23, 2018, Tr. at 14 ¶ 2) to wit Jessen responded "I believe twice." (*Id.* at 14 ¶ 3). Afterward, the trial court listened to the State's recitation of the facts which detailed two separate incidents occurring in two separate vehicles. (*Id.* at 14 ¶ 20-24). The trial court, again, inquired as to whether the contact was two separate incidents. (*Id.* at 14 ¶ 25). The State responded affirmatively. (*Id.* at 15 ¶ 1). Then, the trial court, once more, addressed Jessen as to the accuracy that there were two separate incidents. (*Id.* at 15 ¶ 2). Jessen responded with "that's accurate, Sir." (*Id.* at 15 ¶ 2).

{¶28} Under the facts presented, there was no need for the trial court to address allied offenses of similar import at the sentencing hearing, given that, Jessen

and the State both agreed that two separate offenses were committed by Jessen as to Count One and Count Two.

{¶29} Therefore, the trial court did not commit error in failing to find that Count One and Count Two are allied offenses of similar import due to Jessen's admission that two separate identifiable incidents of gross sexual imposition took place. Therefore, Jessen's first assignment of error as it relates to allied offenses of similar import is overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

### *Conclusion*

{¶31} For the foregoing reasons Jessen's assignments of error are overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**