[Cite as *State v. Meeks*, 2020-Ohio-5050.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                          CASE NO. 4-20-02

      v.

JOSHUA A. MEEKS,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 19 CR 13669

**Judgment Affirmed**

Date of Decision: October 26, 2020

APPEARANCES:

    *Henry Schaefer* **for Appellant**

    *Russell R. Herman* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Joshua A. Meeks ("Meeks"), brings this appeal from the January 24, 2020 judgment of the Defiance County Common Pleas Court sentencing him to an aggregate, indefinite prison term of 17 to 22 years after Meeks entered guilty pleas to, and was convicted of, Kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree, and Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. On appeal, Meeks argues that his convictions for Kidnapping and Felonious Assault should have merged for the purposes of sentencing.

*Background*

{¶2} On August 29, 2019, Meeks was indicted for (Count 1) Attempted Aggravated Murder in violation of R.C. 2923.02 and R.C. 2903.01(B), a felony of the first degree, (Count 2) Kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree, (Count 3) Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, (Count 4) Felonious Assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, (Count 5) Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and (Count 6) Domestic Violence in violation of R.C. 2919.25(A), a felony of the third degree due to Meeks having two prior convictions for Domestic Violence. Counts 1 through 5 of the indictment all contained Repeat Violent Offender specifications pursuant to R.C. 2941.149(A)

indicating that Meeks had previously been convicted of Felonious Assault in Defiance County in 2007. The alleged victim of all the crimes in this indictment was Meeks' wife. At the time of the incidents Meeks and his wife still lived together but they were proceeding through a divorce. Meeks pled not guilty to the charges.

{¶3} On November 7, 2019, a change-of-plea hearing was held wherein Meeks agreed to plead guilty to Count 2, Kidnapping in Violation of R.C. 2905.01(A)(3), a felony of the first degree, Count 5, Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and (Count 6) Domestic Violence in violation of R.C. 2919.25(A), a felony of the third degree. In exchange for Meeks' pleas, the State agreed to dismiss the remaining charges against him *and* to dismiss the Repeat Violent Offender specifications. Further, the State agreed that the Felonious Assault and Domestic Violence convictions would merge for purposes of sentencing.

{¶4} The trial court conducted a Crim.R. 11 colloquy with Meeks and determined that his pleas were knowing, intelligent, and voluntary. The trial court also had the State recite a factual basis for the charges, which Meeks and his counsel acknowledged were essentially correct, though Meeks stated the crimes did not occur in precisely the way the State alleged. Afterward, Meeks' pleas were accepted and he was found guilty.

{¶5} On January 16, 2020, the matter proceeded to sentencing. The State recommended a lengthy prison term due to Meeks' violent criminal history. It was noted that Meeks had been charged with another Aggravated Assault while he was being held in custody as this case was pending.

{¶6} Meeks' attorney then argued that the Felonious Assault and Kidnapping counts should merge. The State objected, contending that if the State was aware Meeks would be seeking merger of those two charges it would not have dismissed certain other charges or specifications. Nevertheless, the trial court found that the Felonious Assault and Kidnapping charges did not merge, reasoning that there were multiple instances of serious violence against the victim in this matter.

{¶7} After Meeks apologized to the victim in this matter, Meeks was ordered to serve an indefinite prison term of 10-15 years on the Kidnapping conviction, and 7 to 10 and ½ years on the Felonious Assault conviction. The Felonious Assault and Domestic Violence charges were merged for the purposes of sentencing. The trial court ordered that Meeks' sentences be served consecutively for an aggregate, indefinite prison term of 17 to 22 years. A judgment entry memorializing this sentence was filed January 24, 2020. It is from this judgment that Meeks appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred when it failed to merge appellant's sentence for Kidnapping and Felonious Assault.**

{¶8} In his assignment of error, Meeks contends that the trial court erred by failing to merge his sentences for Kidnapping and Felonious Assault.

Standard of Review

{¶9} " 'Whether offenses are allied offenses of similar import is a question of law that this Court reviews de novo.' " *State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 22, quoting *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894; *see generally State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-955.

Relevant Authority

{¶10} Revised Code 2941.25, Ohio's multiple-count statute, states:

**(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**

**(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

{¶11} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio held the following with regard to determining allied offenses:

**1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.**

**2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct**

**constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**

**3.      Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.**

The Supreme Court in *Ruff* explained:

**At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**

*Ruff,* 2015-Ohio-995 at ¶ 26.

Analysis

**{¶12}** In this case Meeks was convicted of Kidnapping in violation of R.C. 2905.01(A)(3), which reads,

**(A)  No person, by force, threat, or deception, * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:**

-6-

\* \* \*

**(3)   To terrorize, or to inflict serious physical harm on the victim or another[.]**

{¶13} Meeks was also convicted of Felonious Assault in violation of R.C. 2903.11(A)(1), which reads, "No person shall knowingly \* \* \* [c]ause serious physical harm to another[.]"

{¶14} Meeks argues that his sentences for Kidnapping and Felonious Assault should have merged in this case, particularly since they "shared" the element of serious physical harm.[1]  In addition, Meeks argues that Kidnapping and Felonious Assault could be committed by the same conduct if the restraint was only to engage in the assault, and that there was only one victim of the offenses.  Thus Meeks contends that the only remaining question under *Ruff* is whether the offenses were committed with a separate animus.

{¶15} With regard to his "animus" in this matter, Meeks alleges that he never intended to separately commit a Kidnapping; rather, he argues that "in his mind [the Kidnapping] was not a distinct and separate event [from the Felonious Assault], and he had no separate animus."  (Appt.'s Br. at 8).  Meeks claims the lack of a separate animus for the Kidnapping was illustrated at the sentencing hearing when he only apologized for the Felonious Assault.

---

[1] As will be discussed, *infra*, Felonious Assault clearly requires serious physical harm, but Kidnapping only requires restraint *with purpose to* terrorize or inflict serious physical harm.

{¶16} The State counters by citing to numerous cases wherein Kidnapping and Felonious Assault convictions were not merged. *See*, *e.g.*, *State v. Harmon*, 9th Dist. Summit No. 26502, 2013-Ohio-1769. While we acknowledge the State's point that cases exist finding that Kidnapping and Felonious Assault would not merge, under the current law, merger inherently involves an examination of the particular facts and circumstances of each case. *Ruff*, 2015-Ohio-995 at ¶ 26. As to the facts in this case, the State contends that the circumstances establish a separate animus for each of the offenses. We agree.

{¶17} In *State v. Logan*, 60 Ohio St.2d 126 (1979), the Supreme Court of Ohio set forth guidelines for when Kidnapping should merge with another offense.

> **(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;**
>
> **(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.**

"Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance with the third prong of

the *Ruff* test." *State v. Sowers*, 2d Dist. Clark No. 2018-CA-58, 2019-Ohio-649, ¶ 18, citing *State v. Armengau*, 10th Dist. Franklin No. 14AP-679, 2017-Ohio-4452, ¶ 125, citing *State v. D.E.M.*, 10th Dist. Franklin No. 15AP-589, 2016-Ohio-5638, ¶ 143; *State v. Williams*, 7th Dist. Mahoning No. 13MA125, 2015-Ohio-4100, ¶ 18; *State v. Stinnett*, 5th Dist. Fairfield No. 15-CA-24, 2016-Ohio-2711, ¶ 53.

{¶18} Notably, this case was resolved by way of a plea agreement, providing fewer facts for the trial court to make a determination regarding merger. Nevertheless, the record in this case contained, *inter alia*, the indictment, the sworn affidavit of a police officer initially filed with a complaint, the factual statements at the plea hearing, and the statements contained in the pre-sentence investigation, all of which provided a sufficient account of the incidents in question for purposes of reviewing the issue of merger in this case.

{¶19} First, the indictment alleged multiple instances of Felonious Assault *and* a sexual assault via a Rape. Second, and more specifically to the facts in question, an officer who initially met with the victim filed an affidavit that stated as follows.

> **On 08/16/2019 at approx. 1249 hours, Ptl Herbert and I were dispatched to 1005 Sunday St. Defiance, OH for a Domestic Violence complaint that took place at 622 Riverside Ave. Defiance, OH on 08/16/2019 at approx. 0130 hours. We made contact with [the victim] who stated [that she and] her husband, Joshua Meeks, are going through a divorce, but still live together. She stated that he accused her of seeing another guy. She stated that they were in the bedroom and he grabbed her by the throat**

**(larynx area) and was strangling her. She stated he then leg swept her, knocking her on the bed and slapping her in the face. She stated he then grabbed a wooden walking stick, and began hitting her in the head, shoulders, and legs. He then grabbed a serrated knife and held it against her throat and threatened to kill her and himself. She stated that she told him that she wanted to be with him and they would work things out s[o] he would calm down and he took the knife away from her throat. Ms. Meeks had scrapes on her elbows. A large bruise on her left bicep. A large bruise on her right shoulder and a mid sized bruise on her left shoulder. On the front of her thighs, were bruises that almost covered the entire area from her pelvic region to her knee. Ms. Meeks was taken to Defiance Mercy Hospital for treatment for her injuries.**

**\* \* \***

**Joshua Meeks was located at 622 Riverside Ave. \* \* \* He stated that his wife likes to be choked during sex and he denied hitting her. \* \* \***

(Doc. No. 1).

{¶20} Third, in addition to the officer's affidavit in the record, the State recited a factual narrative at the change of plea hearing, which indicated that Meeks assaulted the victim "repeatedly." (Nov. 7, 2019, Tr. at 16). These incidents included one where he choked the victim nearly to the point of unconsciousness, another incident where Meeks struck the victim all over with a "wooden dowel," and one incident where a knife was put to her throat. The victim was only able to leave the room the next morning.

{¶21} Finally, the presentence investigation, which was discussed at sentencing, indicated that the victim was forced into a sexual encounter that she was

afraid to prevent because of the incident earlier in the evening wherein Meeks had choked her to the point of unconsciousness, and because of the incident wherein Meeks threatened to kill her with a knife at her throat. The strangling incident led to the victim having broken blood vessels (petechiae) in her eyes, and the knife left a straight line scraping on her throat. The sexual assault purportedly occurred as the victim was drifting off to sleep. Meeks pulled her legs apart and had sexual intercourse with her. After reviewing all of the information the trial court had before it, the trial court determined that the convictions for Felonious Assault and Kidnapping did not merge.

{¶22} In our own review of the record, we emphasize that there appeared to be multiple instances of potential serious physical harm *and* an accusation of sexual assault. There were allegations of the victim being choked to unconsciousness (or near unconsciousness), allegations of a knife being held to her throat with threats of murder, allegations of the victim being beaten repeatedly with a wooden dowel, and allegations of sexual assault.

{¶23} When the victim tried to get away from the situation in the house she shared with Meeks at one point, she was restrained against her will and she was only able to leave the following morning. It is not entirely clear from the record at what point she was restrained or at what point each of the physical acts were perpetrated against the victim; however, as there were multiple incidents here of serious

physical harm, or for potential serious physical harm, we could not find that the trial court's failure to merge these offenses was improper under these circumstances. *See Sowers*, *supra*, 2019-Ohio-649, ¶ 19 (finding that separate identifiable acts in the midst of a Kidnapping resulted in separate animus). There is no indication that the restraint in this matter was only to perpetrate a single assault.

{¶24} Moreover, the Kidnapping statute only requires that a defendant restrain a victim with the *purpose* to terrorize or inflict serious physical harm. In other words, a defendant does not even have to complete his acts. *See State v. Davis*, 116 Ohio St.3d 404 2008-Ohio-2, quoting *State v. Powell* (1990), 49 Ohio St.3d 255, 262 (analyzing another Kidnapping provision and holding, "R.C. 2905.01(A)(4) requires only that the restraint or removal occur for the purpose of non-consensual sexual activity—*not that sexual activity actually take place*.") (emphasis sic.) Thus the restraint for the Kidnapping here did not even have to lead to completed acts. Nevertheless, as stated previously, there were multiple acts reflected in the record of this case, which the trial court could have properly determined were separate and distinct. For all of these reasons, Meeks' assignment of error is overruled.

*Conclusion*

{¶25} For the foregoing reasons the assignment of error is overruled and the judgment of the Defiance County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**