[Cite as *State v. Tucker*, 2025-Ohio-4413.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TIMMY TUCKER,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-07

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0296

Judgment Affirmed

Date of Decision: September 22, 2025

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Daniel J. Stanley* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Timmy Tucker ("Tucker") brings this appeal from the judgment of the Common Pleas Court of Crawford County sentencing him for multiple felonies. Tucker alleges on appeal that the trial court erred by failing to find that three of his four convictions merged. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 4, 2024, Officer Dusty Johnson ("Johnson") of the Bucyrus Police Department was dispatched to an area near the victim's residence after a caller reported hearing a female screaming for help in the vicinity. Johnson spoke with the victim, then spoke with Tucker, who was outside the home. At that time Tucker admitted to "flicking" the victim on the lips when she refused his sexual overtures. Tucker was arrested and the victim was taken to the hospital for examination. The exam showed bruising to the victim's jaw and the inside of her lip, cuts to the inside of her lip and mouth, and small, finger shaped bruises throughout the victim's body.

{¶3} On October 8, 2024, the Crawford County Grand Jury indicted Tucker on five counts: 1) Kidnapping in violation of R.C. 2905.01(B)(1), (C)(1), a felony of the first degree; 2) Rape in violation of R.C. 2907.02(A)(2), (B), a felony of the first degree; 3) Intimidation of an Attorney, Victim, or Witness in a Criminal Case in violation of R.C. 2921.04(B)(2), (D), a felony of the third degree; 4) Domestic

Violence in violation of R.C. 2919.25(A), (D)(3), a felony of the fourth degree; and 5) Disrupting Public Services in violation of R.C. 2909.04(A)(3), (C), a felony of the fourth degree. A jury trial was held on January 16-17, 2025.

{¶4} At trial, the victim testified that Tucker became angry with her for rolling in her sleep and accused her of dreaming about other men. Tucker then began questioning the victim and when he did not like her answers, he called her a liar and would flick her in the mouth. Tucker told her that every time she lied, he would flick her in the mouth. The victim testified that this continued over several hours and that she was "flicked between 10 and 15 times". Tr. 240, 265. The victim became frustrated and got out of the bed to get dressed. Tucker then told the victim she was not leaving and pushed her back onto the bed. When the victim again indicated she wished to leave, Tucker refused. At points during the argument, Tucker climbed on top of her, so the victim struck Tucker and head-butted him to get him off. Tucker responded by striking her in the back of the head.

{¶5} The victim also testified that during the argument, Tucker called her a "whore" and stated that if she wished to act like one, he would show her how to be one. Tucker then placed his fingers through the victim's labia and forced one of the fingers inside her vagina. The victim testified that she had told Tucker she did not want to engage in sexual behavior.

{¶6} During these events, Tucker took her phone so she would be unable to call the police. The victim testified that she "was screaming as loud as I could. The

whole neighborhood heard me apparently." Tr. 248. The victim testified that at one point Tucker "fishhooked" her by placing two fingers under her jaw on the outside and placing his thumb inside her mouth behind her teeth. According to the victim, this occurred when he was telling her she could not leave. While holding her this way, Tucker shook her and flung her onto the bed. The victim also testified that at one point Tucker held her down with his hands over her face and nose, causing difficulty breathing. Tucker also told her to "shut the fuck up because I'm not going to jail because you want to be a dumb bitch." Tr. 252.

{¶7} Eventually, Tucker wished to leave and the victim agreed to drive him to where he wished to go. Before they left, Tucker told her "as soon as I get ready to get out of the car, I want to punch you in the face and make it look like you're unrecognizable." Tr. 255. Because of this threat, the victim refused to drive him elsewhere and they were at the victim's home when the police arrived. The entire incident occurred over approximately ten hours.

{¶8} The victim's neighbor testified that he heard yelling from the direction of the victim's home during the night in question. Eventually, he determined the yelling was coming from the victim's home. When it became loud and desperate, he contacted the police. . The neighbor testified that he heard a woman yelling "help me" more than 50 times.

{¶9} At the conclusion of the trial, the jury returned verdicts of not guilty to kidnapping, rape, and disrupting public services. However, the jury found Tucker

guilty of the lesser included offense of abduction, and the lesser included offense of gross sexual imposition, intimidation of a witness, and domestic violence with a finding of a prior conviction for this offense. The trial court held a sentencing hearing on January 29, 2025. At that time, Tucker requested that the sentences for the abduction, gross sexual imposition, and domestic violence convictions should merge. The trial court disagreed and sentenced Tucker to an aggregate prison term of 78 months in prison. Tucker appeals from this judgment. On appeal, Tucker raised the following assignment of error.

**The trial court erred when it failed to merge Tucker's convictions for [gross sexual imposition], abduction, and domestic violence.**

{¶10} Tucker's sole assignment of error claims that the sentences should have merged as they were based upon the same conduct with the same animus and with the same import. We disagree.

{¶11} "Whether offenses are allied offenses of similar import is a question of law that this Court reviews de novo." *State v. Meeks*, 2020-Ohio-5050, ¶ 9 (3d Dist.).

> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

*State v. Ruff*, 2015-Ohio-995, ¶ 25.

{¶12} Here, Tucker claims three of his convictions should merge. To convict Tucker of abduction, the jury had to find that Tucker by force or threat restrained the liberty of the victim under circumstances that either created a risk of physical harm or placed the other person in fear. R.C. 2905.02(A)(2). A conviction for gross sexual imposition required findings that Tucker had sexual contact with the victim and that he purposely compelled the person to submit by force or threat of force. R.C. 2907.05(A)(1). Finally, the conviction for domestic violation required the jury to find that Tucker knowingly caused physical harm to a household member. R.C. 2919.25(A). Tucker does not challenge his convictions. A review of the record shows that there was substantial evidence to support each of the convictions and that multiple actions could have formed the basis for the convictions.

{¶13} The victim testified that on multiple instances Tucker prevented her from leaving. During those instances he either grabbed her, struck her, or threatened to harm her. In a separate act, Tucker held the victim on the bed while calling her a whore and engaging in sexual contact with her. Similarly, there were multiple separate acts which caused physical harm to the victim. Johnson testified at trial that the victim had bruising and cuts on her lip, as well as multiple bruises on her body. The victim testified that Tucker had "flicked" her in the lips multiple times, that he "fishhooked" her and shook her, and that he struck her multiple times so hard

in the back of her head that she was "seeing stars". Tr. 243. These acts occurred over many hours and involved multiple distinct, separate actions. Thus, they could not be allied offenses of similar import and are not subject to merger. *State v. Hathorn*, 2023-Ohio-3936, ¶ 38 (3d Dist.). The assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

Case No. 3-25-07

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls

-8-